DELECTA H. WOODRUFF et al., Appellants, *v.* SOPHRONIA M. PADDOCK, Respondent.

Where the owner of land, subject to an easement, claims to own it free from the easement, and excludes for twenty years the owner thereof, who acquiesces in the exclusion, the easement is lost by adverse possession.

So also an abutting owner's private rights in a street may be lost in case their existence is denied and they are exclusively possessed for more than twenty years by one claiming the fee of the street.

In 1826 B., the owner of certain land in the city of R., laid it out into lots, and a map thereof was recorded; he sold and conveyed a lot, which in the deed was described by number, as designated on the map, which was

referred to; this showed the lot as bounded on one side by an alley. The alley was used by the public until 1846, when such use was abandoned. C. became the owner of said lot in 1856; he was at the time the owner of the lot on the opposite side of the alley, and had since 1850 kept the same closed, had planted trees and erected a coal-shed thereon; he continued in the actual, exclusive and notorious possession thereof, claiming to own it until his death in 1888. In 1860 C. conveyed the lot first mentioned by the description contained in the original deed. Plaintiffs became the owners thereof in 1884. Defendant, in 1888, became the owner of part of the other lot, the description in his deed including the alley; he entered into possession and began the erection of a building thereon. In an action to restrain defendant from excluding plaintiff from using as a way the strip of land, formerly the alley, *held*, that while the grantee of B. of plaintiffs' lot acquired a right of way in the alley, the easement had been lost by the non-user of plaintiffs' predecessors, and by the adverse possession of C. and his successors.

Reported below, 56 Hun, 288.

(Argued January 21, 1892; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 11, 1890, which affirmed a judgment in favor of defendant entered upon the report of a referee.

This action was begun May 2, 1889, to recover a judgment to perpetually restrain the defendant from excluding the plaintiffs from using as a way a strip of land one rod in width, extending along the east side of their premises (lot 45), and damages for having prevented them from having so used the strip before the action was begun. Their alleged cause of action was based on two grounds: (1) That the plaintiffs are the owners in fee of one-half of said alley, subject to the right of way of the abutting owners and the public; (2) That the strip of land was laid out by its former owner, and of the adjoining lots contiguous thereto, for an alley for the use of the grantees of the abutting lots.

In 1826, Josiah Bissell, Jr., owned land now within the city of Rochester, which he sub-divided into lots and designated them by numbers. The relation of these lots to each other, to the streets and to the alley in dispute, is shown by this diagram:

A map of the land so sub-divided was recorded in 1826 in the office of the clerk of Monroe county. August 27, 1830, Bissell conveyed to Peter Lynch lot 45 by a deed in which it was described as No. 45 as designated on the map so recorded. A reference to the diagram shows that this lot was bounded on the north by Tremont street. Through mesne conveyances, simply describing the lot by its number, and referring to the map, John Conolly, became April 7, 1856, its owner in fee. February 1, 1860, John Conolly conveyed it to Cornelius C. Dickson, by the description contained in the previous deeds. March 15, 1884, the plaintiffs became the owners of this lot by mesne conveyances in which it was described as in the preceeding deeds.

May 1, 1827, Josiah Bissell conveyed to Bartholemew Travers lot No. 42, designating it by its number and referring to the map. December 9, 1839, Travers conveyed it to Patrick Quigley, describing it by its number and referring to the recorded map, and also bounding it on the west by the east line of the alley. October 13, 1845, Quigley conveyed No. 42 to John Conolly, describing it by its number, by reference to the map, and also describing the west line as follows: "On the west by the line of the alley, being the same premises conveyed to said Patrick Quigley by Bartholemew Travers."

In 1888 Conolly died seized of lot 42 and left a will, which was duly probated November 2, 1888, by which he devised all of his real estate to Henry Anstice. November 10, 1888,

Henry Anstice conveyed to the defendant the west half of No. 42 by a deed designating the lot by its number, referring to the map, and also describing it as beginning, " fifty feet west of the north-east corner of the lot of land conveyed to John Conolly by Patrick Quigley   *   *   *. Thence southerly parallel with the west line of said lot No. 42 to the south line of said lot No. 42; thence westerly along the south line of said lot No. 42 and the same produced to the east line of lot No. 45 of said tract as laid down on said map, thence northerly along said east line of said lot No. 45 to the said south line of Tremont street, thence easterly along the south line of said Tremont street to the place of beginning, being the west part of said lot No. 42, and so much of the alley west of and adjoining the lot 42 as laid down on said map as is included between the north and south lines of said lot 42 produced westward to the east line of said lot 45, with appurtenances, etc."

Under this deed the defendant entered into possession of the land therein described and began the erection of a building on the disputed strip.

Further facts are stated in the opinion.

*Edward F. Wellington* for appellants. Title to land form-ing part of a public highway cannot be obtained by adverse possession, however long continued. (*Gerring* v. *Barfield,* 16 C. B. [N. S.] 597, 604 ; *Burbank* v. *Fay,* 65 N. Y. 57, 70 ; *Walker* v. *Caywood,* 31 id. 51, 64 ; *S. V. O. Asylum* v. *City of Troy,* 76 id. 114 ; *Turner* v. *R. H. Board,* L. R. [9 Eq.] 418.) Abandonment of a public highway cannot be predicated upon its unlawful appropriation by an individual. Neither can it be accomplished by the omission or neglect of the public to use it, except in such cases as fall within chapter 311 of the Laws of 1861. (*Driggs* v. *Phillips,* 103 N. Y. 83.) Chapter 311 of the Laws of 1881 has no application to this case. (2 R. S. [5th ed.] 405, § 113 ; *Marble* v. *Whitney,* 28 N. Y. 305 ; *McMannis* v. *Butler,* 51 Barb. 448 ; *Lud-low* v. *City of Oswego,* 25 Hun, 260 ; *Beckwith* v. *Whalen,* 65 N. Y. 331 ; *Lyon* v. *Munson,* 2 Cow. 426 ; *Vanderbeck*

v. *City of Rochester*, 49 Hun, 92; Laws of 1861, chap. 143, § 156; *Amsbry* v. *Hinds*, 48 N. Y. 59.) The action of the board of public works in 1874 was an assertion of the public rights to the alley within fifteen years after it was first obstructed, and constituted an unauthorized license to those in occupation, in no respect different from that given to the St. Vincent Orphan Asylum by the city of Troy. (76 N. Y. 112.) The public right has not been divested by a discontinuance of the highway. That could only have been accomplished by following the formal statutory regulations. (Laws of 1856, chap. 137; Laws of 1872, chap. 771.) The defendant is estopped by all the deeds down to Conolly and by his deed to Mrs. Dickson, which recognizes and asserts the alley. (*Bridges* v. *Wyckoff*, 67 N. Y. 122, 123; *Driggs* v. *Phillips*, 103 id. 83; *Cook* v. *Harris*, 61 id. 448; *In re Ladue*, 118 id. 213; *Flack* v. *Vil. of Green Island*, 122 id. 107.) The plaintiffs, as individuals, can maintain this action to enforce the public right. It is an incident to the situation in respect to the highway in question. (*Callinan* v. *Gilman*, 107 N. Y. 360.)

*F. E. Drake* for respondent. The testimony of David Cory to conversation with John Conolly was properly excluded upon the objection taken upon the hearing. (Code Civ. Pro. § 829.) The plaintiffs acquired no title to, interest in or right over the disputed premises by their deed of lot 45. (*French* v. *Carhart*, 1 N. Y. 96; *Mott* v. *Mott*, 68 id. 246; *Lampman* v. *Micks*, 21 id. 505; *Voorhis* v. *Burchard*, 55 id. 104; *Simmons* v. *Cloonan*, 81 id. 557; *Phelps* v. *McDonald*, 16 id. 82.) If, however, the conveyance from Conolly to Dickson shall be construed to carry title to the center line of the alley strip and pass, as appurtenant to lot 45, a right of way over the alleged alley, then such title to the disputed premises, and such right of way thereover, have been extinguished by the adverse possession of Conolly. (*Doolitle* v. *Tice*, 41 Barb. 181; *Hammond* v. *Zehner*, 21 N. Y. 118; *Barnes* v. *Light*, 116 id. 34; *Coming* v. *Gould*, 16 Wend. 531; *Smiles* v.

*Hastings*, 22 N. Y. 217 ; *Snell* v. *Levit*, 110 id. 595.)   If the alleged alley ever was a public highway, it ceased to be so before the commencement of this action.   (Laws of 1861, chap. 311, §§ 1, 99 ; *Amsbry* v. *Hines*, 48 N. Y. 57 ; *Horey* v. *Village of Haverstraw*, 124 id. 273 ; 46 Barb. 622 ; *Ludlow* v. *City of Oswego*, 25 Hun, 260 ; *Vandemark* v. *Porter*, 40 id. 297 ; *Vanderbeck* v. *City of Rochester*, 46 Hun, 91 ; 92 N. Y. 629 ; Laws of 1834, chap. 199, §§ 12, 19 ; *City of Peoria* v. *Johnson*, 56 Ill. 45 ; *Winnetka* v. *Prouty*, 107 id. 218 ; *J. M. & I. R. R. Co.* v. *O'Connor*, 37 Ind. 95 ; *Fox* v. *Hart*, 10 Ohio, 414 ; *City of Hartford* v. *N. Y. & N. E. R. R. Co.*, 50 Conn. 250 ; 100 N. Y. 642 ; *Driggs* v. *Phillips*, 103 id. 77 ; 124 id. 273 ; *Lyon* v. *Munson*, 2 Cow. 426.)   Even though the public right of way over the alley in question was not extinguished at the time of the commencement of this action, still the plaintiffs could not recover in this action on the ground that defendant's building was a public nuisance resulting in special damage to plaintiffs.   (*Stevens* v. *Mayor, etc.*, 84 N. Y. 296 ; *Wright* v. *Delafield*, 25 id. 266 ; *Day* v. *Town of New Lots*, 107 id. 149–154, 155 ; *Dickenson* v. *Mayor, etc.*, 92 id. 584– 588 ; Code Civ. Pro. § 723 ; *Reeder* v. *Sayre*, 70 N. Y. 180 ; *Davis* v. *N. Y. C. R. R. Co.*, 110 id. 646 ; *Harris* v. *Tumbridge*, 82 id. 92.)

FOLLETT, Ch. J.   The referee found that from 1826 to 1846, the alley was used by the public, and by such use became a public way, but that its use had been abandoned by the public for more than forty years before this action was begun.   He also found that between 1846 and 1850, a fence stood on the boundary line between lot 45 and the alley, and that between these dates John Conolly kept the alley closed by a gate at the Trémont street end, planted trees, erected a coal-shed thereon, and that from 1850 to the date of his death in 1888, he was in the actual, exclusive and notorious possession of the land, claiming to own it.

The widow of a former owner of lots 43 and 44, who was sworn on behalf of the plaintiffs, testified, and she was not

contradicted, that about fifty years before the trial of this action, her husband bought those lots, moved on to them, and shortly after extended the fences across the alley, planted trees thereon, since which the alley had been shut up the most of the time, and before they left those lots, the alley had been all closed up for thirty years. For at least thirty-nine years before this action was begun, the alley, from end to end, had been enclosed by fences, occupied and cultivated by the owner of lots 42, 43 and 44.

None of the deeds in the plaintiffs' chain of title purport to convey any interest in the fee of this strip, and the referee also found that in 1860, when Conolly conveyed lot 45 to Mrs. Dickson, the former was in possession of the alley, claiming to own it; that she took her deed with knowledge of these facts, and that the grantor did not intend to convey nor the grantee to acquire any title or easement in the alley.

Neither the plaintiffs nor any of their grantors have acquired title to the *locus in quo*, nor to any part of it. (*Simmons* v. *Cloonan*, 81 N. Y. 557.)

Clearly the grantees of Bissell by the map and by the mode in which the lots abutting on the alley were conveyed, acquired rights of way in favor of their respective lots. And it is equally clear that the plaintiffs are now possessed of a right of way unless lost by the non-user of their predecessors and by the adverse possession of Conolly and his successors.

It is settled that under the Statute of Limitations of this state the legal title to land may be lost by its true owner, and be acquired by one holding it adversely for twenty years. (*Baker* v. *Oakwood*, 123 N. Y. 16.)

So an easement may be lost by adverse possession if the owner or possessor of the servient estate claims to own it free from the private right of another, and excludes the owner of the easement, who acquiesces in the exclusion for twenty years. (*Snell* v. *Levitt*, 110 N. Y. 595; Wash. Eas. [4th ed.] 718; *Yeakle* v. *Nace*, 2 Whart. 123.)

These rules are decisive of this action, unless the period within which the plaintiffs may maintain an action is, as is

claimed in their behalf, enlarged by the fact that this alley was a public way from 1826 to 1846.

An abutting owner has two distinct kinds of rights in a highway or street. A public one, which he enjoys in common with all other citizens; and certain private rights, which arise from his ownership of property contiguous to the highway or street. These special rights increase the value of his abutting premises, are private property and, if they are destroyed or greatly injured without due process of law, damages may be recovered for the injury. But a person cannot maintain an action for an injury to public rights without showing that he has special or private rights which have been invaded. (*Abendroth* v. *Man. R. Co.*, 122 N. Y. 1–14; *Lansing* v. *Smith*, 8 Cowen, 146; *S. C.*, 4 Wendell, 10; Wood on Nuisances, 655.)

An abutting owner's private rights in a public street may be lost in case their existence is denied and they are exclusively possessed for more than twenty years by one who claims to own the fee of the street as against the world. It follows that in no aspect of the case are the plaintiffs entitled to recover.

Entertaining these views it is quite unnecessary to determine in what time a public street or highway ceases to be such as against the public by its non-user.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____