## DETERMINED IN THE

# FOURTH DEPARTMENT

### AT

## GENERAL TERM,

### 𝕵𝖚𝖑𝖞, 1895.

---

FRANCES M. TINDALE, Respondent, *v.* MARTHA F. POWELL, Appellant.

*Ejectment — actual occupation by the defendant for more than twenty years — proof of acts and declarations of the plaintiff's grantor.*

When the evidence in an action of ejectment discloses an actual occupation of the premises in question by the defendant and those under whom she claims for more than twenty years, and the evidence in other respects is conflicting, it is erroneous for the court to direct a verdict for the plaintiff.

Where upon the trial of such an action one of the issues is whether the defendant's predecessor in title occupied the premises under the plaintiff's grantor or whether he occupied them claiming as absolute owner, the defendant may show acts and declarations of the plaintiff's grantor indicating acquiescence upon his part in the defendant's claim to absolute ownership; such evidence is competent as tending to show the relation of the parties to the premises.

APPEAL by the defendant, Martha F. Powell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 23d day of May, 1894, upon the verdict of a jury directed by the court after a trial at the Oneida Circuit, and also from an order entered in said clerk's office on the 6th day of June, 1894, denying defendant's motion for a new trial made upon the minutes.

The action was originally brought by George A. Tindale to recover the possession of the lands described in the complaint, which are situated at Clark's Mills on the easterly side of the highway lead-

ing from Kirkland to Westmoreland. After the trial of the action George A. Tindale died and his wife and sole legatee, the present plaintiff, was substituted.. Plaintiff claimed title to the lands in question from one Liberty Powell, and it was claimed that Powell derived his title from two sources, one-half acre from one Stephen Chappel under a deed of October 31, 1844, and the other acre and a half it is claimed he obtained by deed from Charles W. Powell, dated January 10, 1876. Liberty Powell died March 26, 1886. No evidence was given on the trial that Liberty Powell, or either of his grantors, ever occupied the one-half acre or the acre and a half. The premises were occupied from 1845 until September, 1875, by Philo Powell, a brother of Liberty Powell, and after his death his widow, Harriett Powell, and the defendant occupied the premises until after the trial of this action. The widow died in December, 1892, and the defendant is a daughter of Philo Powell and one of six children who were the sole heirs and descendants of Philo Powell. When Philo Powell moved on to the one-half acre in 1845 there was an unpainted house and a small barn, and in 1851 a fence was built on the half acre upon the place occupied by the old fence, and this was built by Philo Powell. There was a fence built in 1851 or 1852, which inclosed both pieces of land in question, by Philo Powell and his sons, and he lived on the place at the time and continued to do so until the time of his death in 1875. He cultivated the place and raised crops on it every year, and afterwards the widow and the defendant, his daughter, occupied it, the evidence showing that he held himself out as owner of the premises. He planted trees on the place, both on the half acre and the acre and a half, and caused the trees to be grafted; the trees grew large; he moved the old barn back from the half acre piece by the piece added on by the building of the new fence. He kept the fence in repair around the place while he lived, and the premises were cultivated as farms usually are from 1845 to 1875 by Philo, and subsequently by the widow and this defendant. It appears in the evidence that Philo and his widow paid taxes on the place during the time they occupied it, and there is other evidence tending to show acts of adverse possession on the part of Philo Powell and by his wife and this defendant, and there is evidence to show that the acts were public and notorious in which they asserted ownership and

possession thereof, and there is some evidence from which a jury might infer that Liberty knew of the claims made by Philo and his widow and the defendant, and from such evidence it might be inferred he never asserted that they were not the owners.

*Josiah Perry*, for the appellant.

*S. J. Barrows*, for the respondent.

HARDIN, P. J. :

Upon all the evidence found in the appeal book we are inclined to the opinion that the case should have been submitted to the jury. We think the evidence warranted a finding upon the important questions relating to adverse possession. It is provided in the Code that for the purpose of constituting adverse possession land is deemed to have been possessed and occupied where it is protected by a substantial inclosure or where it has been actually cultivated and improved. The evidence discloses an actual occupation for over twenty years. (*Barnes* v. *Light*, 116 N. Y. 34; *Woodruff* v. *Paddock*, 130 id. 618.) It was claimed during the trial by the plaintiff that circumstances were such as to rebut the presumption of adverse possession arising from the occupation by Philo Powell; with a view of establishing an explanation of the possession or claim of ownership of Philo, it was shown that in 1875 Liberty Powell built a house upon the premises. At that time he was a man of wealth, and his brother seems to have been in moderate circumstances, and it is a question upon the whole evidence whether it was a brotherly act without pay, or whether it was an advancement upon the property by Liberty, with the knowledge on the part of Philo that ultimately the expenses for building the barn were to be accounted for. There was considerable evidence as to why the building was erected, and some evidence was given tending to show that it was erected by Liberty Powell because he was the owner of the premises, and that Philo assented to the idea that he was the owner of it. To meet that evidence the defendant offered to show that at the time Liberty Powell acquiesced in the fact that Philo Powell owned the premises and was building the house there for Philo. The evidence was excluded and an exception was taken. At a later stage of the case the defendant, in effect, offered to show

by a witness " that he (the witness) was riding with Liberty Powell, and the latter told him that he was building this house for his brother Philo." The evidence was excluded and an exception taken. We are inclined to think that as the issue then stood the offer ought to have been received to explain the relations of the parties to it. We think there should be a new trial.

MARTIN and MERWIN, JJ., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.