■ JERRY SPIEGEL, Appellant, v STEPHAN P. FERRARO et al., Respondents, et al., Defendants.—In an action to enjoin the defendants from interfering with an easement of way and to recover damages therefor, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Postel, J.H.O.), entered August 21, 1987, which, after a nonjury trial, (1) dismissed the complaint, and (2) vacated the easement described in a certain deed recorded at page 35 of Liber 8192.

Ordered that the judgment is reversed, on the law and the facts, with one bill of costs payable by the respondents appearing separately and filing separate briefs, judgment is awarded in favor of the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment in accordance herewith.

In 1954 Alfred, Louis and Michael Masone sold a portion of their property in Hicksville, New York, to Nassau Farmers Market, Inc., together with a nonexclusive easement of ingress

and egress over their retained property to Broadway. In 1970 this parcel was conveyed to the plaintiff along with the easement. The grantor's retained parcel was ultimately conveyed to Nicholas G. and Stephan P. Ferraro who leased the premises to the defendant Ernie's Auto Body, Inc. (hereinafter Ernie's).

The plaintiff installed a gate at the point where the easement abutted his property. Ernie's also installed two gates at various points over the easement. Only Ernie's had the key to these two gates. From 1966 to the present Ernie's parked wrecked cars over the easement. It also had guard dogs patrol the premises at night. Ernie's also regraded the easement and installed lights around it.

Contrary to the trial court's determination the evidence does not support the conclusion that the easement should be extinguished. In order to prove abandonment of an easement it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement (see, De Jong v Abphill Assocs., 121 AD2d 678). Furthermore, acts evincing an intention to abandon must be unequivocal. They must clearly demonstrate the permanent relinquishment of all right to the easement (see, Welsh v Taylor, 134 NY 450). Nonuse alone, no matter how long continued, can never in and of itself extinguish an easement created by grant (Gerbig v Zumpano, 7 NY2d 327; Consolidated Rail Corp. v MASP Equip. Corp., 67 NY2d 35).

The evidence of nonuse, coupled with the failure to act to have Ernie's obstructions removed, does not establish abandonment. The obstructions on the easement were merely evidence of nonuse and nothing more (see, De Jong v Abphill Assocs., supra, at 680). The installation of the gate by the plaintiff demonstrates that he sought to preserve the easement rather than abandon it.

The contention that the plaintiff should be estopped from enforcing the easement is equally unavailing. The record reveals that the easement was specifically mentioned in Ernie's lease. Moreover, there is no evidence to suggest that Ernie's relied on the representations or silence of the plaintiff (see, Andrews v Cohen, 221 NY 148). Nor is the plaintiff's action barred by the Statute of Limitations. An action for a permanent injunction to remove an obstruction which interferes with an affirmative easement is governed by the six-year Statute of Limitations contained in CPLR 213 (1) (Filby v Brooks, 105 AD2d 826, 828, affd 66 NY2d 640). Here the

plaintiff's cause of action did not accrue until 1977 when he demanded that the obstructions on the easement be removed *(see, Castle Assocs. v Schwartz,* 63 AD2d 481, 490). This action, which was commenced in 1982, was timely commenced. The defense of laches is not available to the respondents since they failed to establish that they had been prejudiced by the delay.

Furthermore, the easement was not extinguished by adverse possession. Where an easement of ingress or egress has been created by grant, but no occasion has arisen for its use, the owner of the servient tenement may obstruct the easement, and that use will not be deemed adverse to the existence of the easement until: (1) such time as the need for the right-of-way arises, (2) a demand is made by the easement owner that the way be opened, and (3) the servient tenant refuses *(Castle Assocs. v Schwartz, supra,* at 490; *Filby v Brooks, supra,* at 828). Here, Ernie's possession did not become adverse until 1977 when the plaintiff demanded that the easement be opened. Since the plaintiff instituted suit prior to the expiration of the 10-year prescriptive period, the easement was not extinguished by adverse possession *(Castle Assocs. v Schwartz, supra).*

Finally, we conclude that the defendants Ferraro do not have standing to assert defenses on behalf of the nonappearing defendants. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.