OPINION OF THE COURT
 

 Alexander, J.
 

 Where an easement has been definitively located and developed through use, there is no requirement that its owner demand the removal of obstructions blocking the easement before it may be extinguished by adverse possession. A use of an easement which is exclusive, open and notoriously hostile to the interests of the owner commences the running of the prescriptive period and the user may extinguish the easement if that use continues uninterrupted for a period of 10 years. Defendants having demonstrated that these requirements of adverse possession have been fulfilled, the order of the Appellate Division must be reversed.
 

 I
 

 In 1954, Alfred, Louis and Michael Masone sold a portion of their property to Nassau Farmers Market, Inc., together with a nonexclusive easement of ingress and egress over their retained property affording access to Broadway, the road adjoining the eastern border of the property. The western border of the conveyed parcel abuts Bloomingdale Road. In 1970, this parcel was conveyed to the plaintiff, Jerry Spiegel, along with the easement. In 1964, the grantor’s retained parcel was conveyed to Frank Boni and Michael Pavone who in 1982 conveyed the parcel to defendants Nicholas and Stephan Ferraro. Boni and Pavone leased the premises to defendant Ernie’s Auto Body, Inc. (Ernie’s) in 1966 and in 1982, Ernie’s renewed that lease with the Ferraros.
 

 Before 1958, a solid chain link fence was erected along the common boundary line between the two parcels and plaintiff installed a gate at the point where the easement abuts his property. Upon commencing its tenancy in 1966, however, Ernie’s installed two gates at various points over the easement and held the only keys to the gates. Ernie’s also regraded the easement, installed lights around it, and had guard dogs
 
 *625
 
 patrol its premises (including the easement) at night. Additionally, from 1966 to the present, Ernie’s has parked wrecked cars over the easement and, as Supreme Court found, plaintiff has not driven a car over the easement since that time.
 

 In 1977, plaintiff demanded that Ernie’s remove the obstructions blocking plaintiffs use of the easement and, in 1982, commenced this action to permanently enjoin Ernie’s from obstructing the easement. After a nonjury trial, Supreme Court dismissed the complaint and vacated the easement, holding that Ernie’s had extinguished the easement by adverse possession in 1976, after 10 years of continuous and exclusive use. The Appellate Division reversed, holding that the easement had not been extinguished by adverse possession in 1976 because there had been no demand by plaintiff that the obstructions on the easement be removed until 1977. That court reasoned that because plaintiff had had no occasion to use the easement, which was created by grant, Ernie’s use of the easement could not be deemed adverse to plaintiff until the demand was made. The Appellate Division also concluded that plaintiffs claim was not time barred because the cause of action accrued when plaintiff made the demand in 1977. Thus that court remitted to Supreme Court for entry of judgment in favor of plaintiff.
 
 *
 
 We now reverse and reinstate the judgment of Supreme Court.
 

 II
 

 We have long recognized that an easement created by grant may be extinguished by adverse possession
 
 (Woodruff v Paddock,
 
 130 NY 618 [owner of servient parcel extinguished easement by adverse use];
 
 see also, Gerbig v Zumpano,
 
 7 NY2d 327, 330;
 
 Hennessy v Murdock,
 
 137 NY 317, 326;
 
 Snell v Levitt,
 
 110 NY 595, 602). As with any adverse possession claim, the party seeking to extinguish the easement must establish that the use of the easement has been adverse to the owner of the easement, under a claim of right, open and notorious, exclusive and continuous for a period of 10 years
 
 (see, Brand v Prince,
 
 35 NY2d 634, 636;
 
 Belotti v Bickhardt,
 
 228 NY 296; RPAPL 501, 521;
 
 compare, Di Leo v Pecksto Holding Corp.,
 
 304 NY 505, 513 [requirements for acquisition
 
 *626
 
 of an easement through adverse use];
 
 Caswell v Bisnett, 50
 
 AD2d 672, 673;
 
 see generally,
 
 3 Powell, Real Property, Easements and Licenses |f 424; Restatement of Property § 506 [1944]). Thus "an easement may be lost by adverse possession if the owner or possessor of the servient estate claims to own it free from the private right of another, and excludes the owner of the easement, who acquiesces in the exclusion for [the prescriptive period]”
 
 (Woodruff v Paddock,
 
 130 NY, at 624,
 
 supra).
 

 A narrow exception to this general rule has evolved with regard to the extinguishment of easements that have not been definitively located through use. In
 
 Smyles v Hastings
 
 (22 NY 217, 224), we held that an easement that was not so definitively located through use and which lead to a "wild and unoccupied” parcel, was not extinguished by adverse possession because the owner of the easement had had no occasion to assert the right of way during part of the prescriptive period. Relying on
 
 Smyles,
 
 the Appellate Division has held that such "paper” easements may not be extinguished by adverse possession absent a demand by the owner that the easement be opened and a refusal by the party in adverse possession
 
 (Castle Assocs. v Schwartz,
 
 63 AD2d 481, 490;
 
 see also, Powlowski v Mohawk Golf Club,
 
 204 App Div 200;
 
 Consolidated Rail Corp. v MASP Equip. Corp.,
 
 109 AD2d 604, 606,
 
 affd on other grounds
 
 67 NY2d 35). In
 
 Castle,
 
 the court held that an easement created by grant as the result of a subdivision, but never located, was not extinguished by adverse possession because the owner of the easement had never demanded that the easement be opened.
 

 The theory underlying the exception is that easements not definitively located and developed through use are not yet in functional existence and therefore the owner of the easement could not be expected to have notice of the adverse claim until either the easement is opened or the owner demands that it be opened. It is only at such point, therefore, that the use of the easement by another is deemed to be adverse to the owner and the prescriptive period begins to run
 
 (Powlowski v Mohawk Golf Club,
 
 204 App Div, at 204,
 
 supra).
 
 So understood, the exception is consistent with the general theory of adverse possession — "that the real owner may, by unequivocal acts of the usurper, have notice of the hostile claim and be thereby called upon to assert his legal title”
 
 (Monnot v Murphy,
 
 207 NY 240, 245 [citation omitted];
 
 see also, Hinkley v State of New York,
 
 234 NY 309, 317).
 

 
 *627
 
 The Appellate Division, applying the exception of
 
 Smyles
 
 and
 
 Castle,
 
 concluded that Ernie’s use of the easement could not be deemed adverse to plaintiff until plaintiff had occasion to use the easement and demanded that it be opened in 1977 (142 AD2d 573, 575). Unlike the easements in
 
 Smyles
 
 and
 
 Castle,
 
 however, plaintiff’s easement was definitively located through use long before 1977. The easement was created in 1954 when the Masones subdivided their land and conveyed the dominant parcel now owned by plaintiff along with the easement. Plaintiff’s deed locates the easement, which runs east to west, at the northern 50 feet of the servient parcel now owned by the Ferraros and the record reveals that the easement was used by plaintiff’s predecessors as a means of access to Broadway before the commencement of Ernie’s tenancy. Moreover, the prescribed course of the easement was later paved and regraded by Ernie’s. Since the easement was definitively and functionally in existence both before Ernie’s closed it off in 1966 and during the period of Ernie’s use, the exception of
 
 Smyles
 
 and
 
 Castle
 
 has no application here. Indeed, to impose a demand requirement for the extinguishment of a definitively located and usable easement would allow the exception to swallow the general rule that the period of prescription begins to run when a party acting under a claim of right commences a use of the easement that is adverse to its owner
 
 (cf., Filby v Brooks,
 
 105 AD2d 826,
 
 affd on other grounds
 
 66 NY2d 640).
 

 The dispositive question, then, is whether Ernie’s use of the easement operated to extinguish plaintiff’s rights therein: was the use adverse to plaintiff, under a claim of right, open and notorious, exclusive and continuous throughout the 10-year prescriptive period? The record compels an affirmative answer. Upon the commencement of its tenancy in 1966, Ernie’s erected gates across the easement and locked them after business hours when Ernie’s had guard dogs patrol its premises, including the easement. Ernie’s also paved and regraded the easement, installed lights around it, and from 1966 to the present parked wrecked cars over the easement. Rejecting plaintiff’s claims to the contrary, Supreme Court found that the "credible evidence” established that Ernie’s exercised exclusive use over plaintiff’s easement since 1966 and that plaintiff, his agents and employees have not used the easement since that time. This finding, affirmed by the Appellate Division and having support in the record, is beyond our review
 
 (Laufer v Ostrow,
 
 55 NY2d 305, 311-312). In these
 
 *628
 
 circumstances, Ernie’s exclusive use of the easement was under an apparent claim of right and was open and notoriously adverse to plaintiffs interest in the easement for an uninterrupted period of at least 10 years
 
 (see, Woodruff v Paddock,
 
 130 NY 618,
 
 supra).
 
 Therefore, Ernie’s must be deemed to have extinguished plaintiffs easement by adverse use in 1976 at the end of the 10-year period.
 

 Plaintiffs contention that Ernie’s lacked standing to assert its adverse possession claim because it was the lessee rather than the owner of the servient parcel must
 
 also
 
 be rejected. Ernie’s use of plaintiffs easement is not an assertion of an interest hostile to its landlord. By statute such a use could not be deemed adverse
 
 (see,
 
 RPAPL 531). Rather, Ernie’s use is adverse only to plaintiff and that use satisfied the requirements of adverse possession and operated to extinguish that easement. Ernie’s may enjoy the benefit of the extinguished easement during its tenancy and, under settled principles, that benefit will be presumed to inure to the landlord upon the expiration of the tenancy
 
 (Dempsey v Kipp,
 
 61 NY 462, 470;
 
 Risi v Interboro Indus. Parks,
 
 99 AD2d 466).
 

 Plaintiffs easement having been extinguished in 1976, we need not reach Ernie’s alternate argument that this action to remove an obstruction from the easement was barred by the Statute of Limitations.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
 

 Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler taking no part.
 

 Order reversed, etc.
 

 *
 

 The Appellate Division also rejected Ernie’s arguments that plaintiff had abandoned the easement and that plaintiff should be estopped from enforcing the easement. Ernie’s has not advanced either of these arguments in this court.