■ Yolam Construction, Inc., Respondent, v Burton M. Phillips et al., Appellants. [617 NYS2d 933] —Mikoll, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered December 28, 1993 in Washington County, which granted plaintiff's motion for partial summary judgment, and (2) from the judgment entered thereon.

Defendant Maude T. Phillips (hereinafter defendant)* submits that there are issues of fact precluding summary judgment in the instant matter. It is defendant's contention that plaintiff's easement over defendant's land was terminated through adverse possession, and Supreme Court erred in concluding that no questions of fact exist as to the existence of an easement.

Plaintiff became the owner of certain real property in the Town of Kingsbury, Washington County, on June 25, 1987. The deed to plaintiff includes the right-of-way over defendant's premises as reserved in the 1879 deed of the premises' owners, Charles and Sarah Dunham, which reads as follows: "EXCEPTING AND RESERVING a right of way across the west side of the lot at all times for the parties of the first part, their heirs and assigns * * * from the lands now owned by the parties of the first part to the highway leading from Dunhams Basin to Sandy Hill. The gates at the ends of said right of way to be kept closed unless otherwise agreed upon by both parties to this instrument." Plaintiff commenced this RPAPL article 15 action seeking a declaration that it had an easement over defendant's property. Supreme Court granted plaintiff's motion to the extent that it found that plaintiff possessed a valid easement over defendant's land. Supreme Court stated that "this Order does not determine the permitted uses of said easement".

A party seeking to extinguish an easement by adverse possession must demonstrate that the use of the easement has been adverse to the owner of the easement, under a claim of right, open and notorious, exclusive and continuous for a period of 10 years (see, Spiegel v Ferraro, 73 NY2d 622, 625). Plaintiff presented proof by affidavit that the easement has not been definitively located and developed through use and that it was not until 1989 or 1990 that plaintiff first made demand upon defendant that the right-of-way be opened and that plaintiff have access across defendant's land. Plaintiff also alleged that no prior demand for use of the right-of-way

---

* Defendant Burton M. Phillips apparently died before the commencement of this action.

had been interposed to defendant or any prior owner. In reply to this affirmation, defendant conceded in her answer that the easement was never used.

Defendant urges, however, that the existence of the right-of-way was definitively established by the 1879 deed and survey map. The language of the deed clearly does not give dimensions of the easement nor does the survey map clarify the easement's location. Thus, plaintiff's easement was never in functional existence and there could not be adverse possession of such an undefined easement *(see, supra,* at 626-627).

Defendant's further argument pertaining to the nature and extent of the easement as raising questions of fact are not pertinent to this action in that Supreme Court's order did not determine said issues.

Cardona, P. J., Crew III and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.