■ HELEN H. YOUNG, Respondent, v RAY F. SCULLY et al., Defendants, and BARBARA S. SCULLY et al., Appellants. [626 NYS2d 282] —Casey, J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered January 4, 1994 in Chenango County, upon a decision of the court in favor of plaintiff against certain defendants.

Plaintiff and defendant Barbara S. Scully (hereinafter defendant) own adjoining lots near Chenango Lake in Chenango County. Their properties are separated from the lake by a strip of land owned by defendant City of Norwich Water System and their deeds include easements of access to the lake across the Water System's property. It has been the common practice of lot owners who have easements of access to treat the Water System's property which lies within the extensions of their boundaries as their own and make permanent improvements along the waterfront. The Water System has never objected to the use of its property and there is no claim that such use has had any effect on the Water System's title to the property.

At issue in this action is a boat slip constructed in the shoreline of the lake. The boat slip lies entirely within the Water System's property, but plaintiff and defendant each claim the exclusive right to use the boat slip based upon the theory that the boat slip lies within the extensions of the relevant lot lines. Each party also claims to have had exclusive use of the boat slip for a substantial number of years. The parties entered into a stipulation with the Water System whereby it was agreed that the action would determine only the rights of plaintiff and defendant to use the boat slip and that the judgment would have no effect on the Water System's rights. After a nonjury trial, Supreme Court found that the parties' property lines were located so that the boat slip fell within the extensions of plaintiff's lot lines. Based upon its finding as to the property lines, Supreme Court granted judgment to plaintiff which awarded her the exclusive right to use the boat slip.

A review of the record discloses sufficient evidence to support Supreme Court's finding that the relevant boundary lines are as depicted on the survey prepared by plaintiff's expert. Although the location of the boundary line between the two lots is not free from dispute, the location determined by plaintiff's expert appears to be more consistent with the physical evidence, prior surveys and past use of the properties. The survey prepared by defendant's expert depicts the bound-

ary line as passing through plaintiff's garage, which is inconsistent with all other evidence, and arbitrarily assigns an additional eight feet to the northern boundary of each lot, which is also inconsistent with all other evidence. Accordingly, Supreme Court correctly relied upon the evidence presented by plaintiff's expert. It is clear from the record, however, that the dispute over the boat slip cannot be resolved merely on the basis of the location of the boundary line between the two lots.

Defendant claims that regardless of where the boundary line is located, she has exclusive rights to the boat slip based upon her family's prior use of the boat slip. There is undisputed evidence in the record that defendant's mother acquired the property in 1930 and shortly thereafter defendant's parents had the boat slip constructed in conjunction with a boat house, which they used until it was destroyed by ice some 10 years later. There is also undisputed evidence that defendant's family continued to use the boat slip after the boathouse was destroyed and that their use was exclusive at least until 1972. Plaintiff's predecessor in title testified that he considered the boat slip to be part of the property owned by defendant's parents and that he never used it. Plaintiff, however, claims that after she and her husband acquired their lot in 1972, they used the boat slip continuously until shortly before this action was commenced and that their use of the boat slip was exclusive. Plaintiff presented witnesses who testified in support of her claims. Defendant claims that she and her family continued to use the boat slip after 1972 and that their use of the boat slip was exclusive. Defendant presented witnesses who testified in support of her claims.

Title to the boat slip is not at issue; the boat slip lies entirely within property owned by the Water System and it is undisputed that any use of the boat slip by either party and their predecessors in title was with the Water System's permission. Neither party, therefore, could have title to the boat slip by adverse possession (see, Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 192 AD2d 501, 503). Adverse possession, however, is not limited to claims of title; it can also affect easement rights (see, Spiegel v Ferraro, 73 NY2d 622). The evidence in the record establishes that for some 40 years after defendant's mother acquired the lot, defendant's family not only used the boat slip, they constructed it and occupied it to the exclusion of all others, including plaintiff's predecessors in title, upon the belief that they had the right to do so. It is this evidence of actual

possession, as distinguished from mere use, that gives rise to an adverse possession claim *(see, Rasmussen v Sgritta,* 33 AD2d 843).

The actual possession of the boat slip by defendant's family was not adverse to the Water System as owner of the property, but it was adverse to plaintiff's predecessors in title insofar as they had been granted easement rights to use the property where the boat slip had been constructed, which is sufficient to satisfy the requirements of adverse possession *(see, Spiegel v Ferraro, supra,* at 628). Insofar as the easement to use the boat slip created by grant from the Water System is concerned, the use and possession by defendant's family prior to 1972 satisfied all the elements of adverse possession *(see, Brand v Prince,* 35 NY2d 634). Based upon the evidence of the actual invasion or infringement by defendant's family of the rights of plaintiff's predecessors in title by open, notorious, continuous and exclusive use of the boat slip for some 40 years, plaintiff bore the burden of rebutting the presumption of hostility that arose *(see, Sinicropi v Town of Indian Lake,* 148 AD2d 799, 800). Plaintiff failed to meet the burden and, therefore, we conclude that long before plaintiff acquired her lot in 1972, any right to use the boat slip which originated in her chain of title had been extinguished and had vested in defendant's predecessor in title.

Based upon the foregoing analysis, it is apparent that the factual issues created by the conflicting testimony presented by the parties concerning the use of the boat slip subsequent to 1972 are important to a resolution of the dispute. Unfortunately, Supreme Court failed to recognize the importance of the evidence of the parties' use of the boat slip and, therefore, failed to make the requisite factual findings. Remittal is not required, however, because we can make the factual findings that should have been made by the trial court *(see, Kandrach v State of New York,* 188 AD2d 910, 912-913; *Cordts v State of New York,* 125 AD2d 746, 749). We note that the record is complete and the essential facts can be established by a review of the evidence. We also note that remittal would not assist in resolving credibility issues because the Supreme Court Justice who tried the case has retired.

Both parties presented evidence concerning their use of the boat slip subsequent to 1972 for storage and launching of rafts and small boats. Many of the witnesses are parties or are directly interested in the outcome of the action or are friends of the parties. Many of the witnesses exhibited fading memories of events that must have seemed relatively insignificant

when they occurred. It is also apparent that none of the nonparty witnesses had the requisite knowledge to testify with any reasonable degree of certainty concerning who did *not* use the boat slip for at least 10 years prior to the commencement of the action. Based upon our review of the record, we conclude that plaintiff and defendant each established continuous use of the boat slip subsequent to 1972, although the use by defendant's family apparently decreased during the early to mid-1980s due to the failing health of defendant's parents. On the issue of exclusive use, however, we find that each party failed to establish use of the boat slip which was exclusive of use by the other subsequent to 1972.

Based upon our findings, we conclude that defendant has the right to use the boat slip which her predecessor in title acquired by adverse possession and that plaintiff has no right to use the boat slip under her deed. We also conclude, however, that plaintiff demonstrated the type of nonexclusive, continuous use of the boat slip for more than 10 years necessary to establish an easement by prescription *(see, McLean v Ryan,* 157 AD2d 928, 930). Accordingly, plaintiff and defendant each have a right to use the boat slip consistent with past use, and neither party's right is exclusive of the other party's right.

Our finding of an easement by prescription in favor of plaintiff does not affect the rights of the Water System, for it does not increase the burden on the Water System's property created by the easement which it previously granted to the various lot owners, including the parties' predecessors in title. Rather, the easement by prescription in favor of plaintiff imposes a burden on defendant's rights by altering the exclusive right acquired by adverse possession by her predecessor in title prior to 1972 to a nonexclusive right. The judgment should be modified to declare the rights of the parties consistent with this decision. The judgment should also contain a provision which acknowledges the parties' agreement regarding the affect of the judgment on the Water System's rights. Although there is a claim for injunctive relief, we conclude that a declaration of the parties' rights is sufficient for now. There is nothing in the record to suggest that any party will intentionally interfere with any other parties' rights once those rights have been declared. We have considered the remaining arguments advanced on appeal and find them either meritless or irrelevant in light of the new factual findings.

Mercure, J. P., White, Peters and Spain, JJ., concur. Or-

dered that the judgment is modified, on the law and the facts, without costs, by (1) adding the following phrase at the end of the second decretal paragraph: "except that plaintiff shall have the nonexclusive use of the existing boat slip for storage and launching of rafts and small boats", (2) deleting the third decretal paragraph and substituting the following paragraph: "3. That defendant Barbara S. Scully shall have the nonexclusive use of the existing boat slip for storage and launching of rafts and small boats", and (3) adding a decretal paragraph which provides: "Nothing contained in this judgment shall affect defendant City of Norwich Water System's title to the property that is the subject of this action", and, as so modified, affirmed.