■ BRYAN EATON, Respondent-Appellant, v MARY ANN EATON, Appellant-Respondent. [626 NYS2d 286] —Crew III, J. Cross appeals from that part of a judgment of the Supreme Court (Brown, J.), entered December 14, 1993 in Saratoga County, which ordered plaintiff to pay child support.

The parties were married in 1971 and have three children, born in 1976, 1979 and 1981. In 1991, plaintiff commenced this action for divorce upon the ground of cruel and inhuman treatment. Prior to trial, the parties entered into a stipulation of settlement which, *inter alia,* provided that the parties would have joint legal custody of the children, with primary physical custody to defendant, and disposed of all remaining issues in the divorce action except child support. Following a nonjury trial on this issue, Supreme Court directed that plaintiff make biweekly child support payments in the amount of $560. These appeals by the parties followed.

The issue on appeal distills to whether Supreme Court abused its discretion in failing to apply the applicable statutory percentage to the parties' combined parental income in excess of $80,000 in calculating plaintiff's child support obligation. In this regard, defendant contends that the statutory percentage should have been applied to the parties' total combined parental income, including amounts in excess of $80,000, while plaintiff contends that none of the parties' combined income over $80,000 should have been considered in calculating his child support obligation. Based upon our review of the record as a whole, we are of the view that the parties' respective arguments on this point lack merit.

Here, in calculating plaintiff's child support obligation, Supreme Court applied the statutory percentage (29%) and plaintiff's full pro rata share (55%) to the first $80,000 of the parties' combined parental income ($103,124.43), resulting in a biweekly obligation of $490.76, but applied only a portion of plaintiff's pro rata share (approximately 7%) to the combined parental income in excess of $80,000, resulting in an additional biweekly obligation of $69.24, bringing plaintiff's total biweekly support obligation to $560. In so doing, Supreme Court considered the factors set forth in Domestic Relations Law § 240 (1-b) (f) and made numerous findings with respect to, *inter alia,* the parties' respective financial resources and obligations and the children's preseparation standard of living and actual needs *(see generally, Kessinger v Kessinger,* 202

AD2d 752).* Specifically, it is apparent that Supreme Court took into consideration the fact that although the parties' respective incomes are essentially comparable, plaintiff enjoys somewhat greater flexibility in his monthly expenses. In our view, Supreme Court's treatment of the parties' combined parental income in excess of $80,000 was not an abuse of discretion, and the amount of support actually awarded is fully supported by the record. The parties' remaining contentions, including defendant's assertion that plaintiff's cross appeal should be deemed abandoned, have been examined and found to be lacking in merit.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* To the extent that defendant suggests that Supreme Court's findings are unclear or deficient in some respect, we note that inasmuch as the Supreme Court Justice before whom this matter was tried has retired, remittal would serve no useful purpose (cf., Young v Scully, 214 AD2d 905 [decided herewith]), particularly where, as here, the court's written decision provides adequate guidance as to the rationale for its determination and the record is sufficiently developed to permit us to intelligently review the propriety of the amount of support actually awarded.