■ THERESA A. THOMAS, Respondent, v ARLENE H. HENDRICKSON, Appellant. [657 NYS2d 821] —Casey, J. Appeal from that part of an order of the Supreme Court (Torraca, J.), entered February 21, 1996 in Ulster County, which denied defendant's cross motion for summary judgment.

The parties to this action own adjoining parcels of land in

the City of Kingston, Ulster County. Plaintiff commenced this action after defendant built a fence, which prevented plaintiff from accessing Ponckhockie Street over defendant's property. Plaintiff claimed that such access was permitted by an express easement of ingress and egress contained in her deed. After issue was joined, plaintiff moved for summary judgment dismissing defendant's affirmative defense as lacking in merit. Defendant cross-moved for summary judgment dismissing the complaint for legal insufficiency and seeking a declaration that the easement was extinguished.

Defendant agrees that plaintiff has an express easement of a right-of-way over defendant's property to East Strand Avenue, but contends that the easement does not extend to Ponckhockie Street so that defendant's fence did not interfere with plaintiff's easement in any way. The record supports defendant's contention as a matter of law. The easement unambiguously states that it begins and ends "130 feet *from* the foot of Ponckhockie Street" (emphasis supplied). Clearly, therefore, the easement does not extend over defendant's property to Ponckhockie Street itself. This conclusion is supported by defendant's expert who limits plaintiff's easement to and from East Strand Avenue without any access to Ponckhockie Street. Plaintiff's unsubstantiated allegations as to what was intended is wholly insufficient to raise a material issue of fact precluding summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Finally, although dismissal of the complaint is appropriate, we find that plaintiff's easement has not been shown to have been affected or altered in any way by adverse possession (*see, Spiegel v Ferraro*, 73 NY2d 622, 625-626).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied that part of defendant's cross motion for summary judgment dismissing the complaint; said cross motion granted to that extent, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.