■ O. Anthony Zeledon et al., Appellants, v Kenneth A. MacGillivray et al., Respondents. [693 NYS2d 330] —Crew III, J. Appeal from a judgment of the Supreme Court (Rogers, J.), entered September 17, 1998 in St. Lawrence County, which granted defendants' motion for summary judgment declaring, *inter alia*, that plaintiffs do not have any right of access over certain property owned by defendants.

In 1975, defendants acquired title to certain real property located on the shore of Cranberry Lake in the Town of Clifton, St. Lawrence County. Title to this parcel may be traced to a 1951 conveyance from Frank Hand to Almeron Bellanger, which reserved "access to Frank Hand dock by footpath". In 1985, plaintiffs acquired title to a parcel of land located across the road from defendants' property, with the subject deed also "conveying the right of access to the 'Frank Hand dock' on Cranberry Lake across the foot path, which access was originally reserved in a deed from Frank Hand to Almoran [*sic*] Bellanger dated November 30, 1951".

In August 1993, plaintiffs advised defendants of their desire to use the aforementioned footpath to access the lake. When defendants informed plaintiffs that they would view any attempt to cross their property as a trespass, plaintiffs commenced this action seeking, *inter alia*, a declaration that they were the lawful owners of an easement for ingress and egress

over defendants' lands to the "Frank Hand dock". Following joinder of issue, defendants sought injunctive relief and plaintiffs cross-moved for summary judgment. Supreme Court, *inter alia,* awarded summary judgment to defendants, finding that plaintiffs had abandoned the easement in question. This appeal by plaintiffs ensued.

We affirm, albeit for reasons other than those expressed by Supreme Court. It is well settled that an easement created by grant may be extinguished by adverse possession (*see, Spiegel v Ferraro,* 73 NY2d 622, 625; *People v Byrneses-On-Hudson, Inc.,* 226 AD2d 353, 353-354). To that end, "the party seeking to extinguish the easement must establish that the use of the easement has been adverse to the owner of the easement, under a claim of right, open and notorious, exclusive and continuous for a period of 10 years" (*Spiegel v Ferraro, supra,* at 625; *see, Yolam Constr. v Phillips,* 208 AD2d 1166).

The record reflects that when defendants acquired the property in 1975, the parcel included a boathouse with attached docks.[1] As to their open, notorious, exclusive and continuous use of the easement and docks during the relevant time period, defendant Kenneth A. MacGillivray averred that he regularly maintained his property to the exclusion of all others beginning in 1975, and defendant Una M. MacGillivray averred that plaintiffs, their predecessors in interest and all others were physically barred from using or accessing the boathouse and docks by a bulkhead and gate that defendants maintained from 1975 to 1995 across the stairs leading thereto. In our view, such proof is sufficient to establish the extinguishment of plaintiffs' easement by adverse possession.[2]

Moreover, even assuming that the easement in question was not extinguished by adverse possession, we agree with Supreme Court that the record as a whole reflects an intent on behalf of

---

1. The record does not conclusively establish that these docks and the "Frank Hand dock" are one and the same.

2. To the extent that plaintiffs contend that the easement in question was not definitively located through use and, hence, the prescriptive period did not begin to run until 1993 when plaintiffs asserted their rights in the easement (*see generally, Spiegel v Ferraro, supra,* at 626), we find plaintiffs' argument on this point to be unpersuasive. In support of their cross motion for summary judgment, plaintiffs submitted the affidavit of James Burnett, who has lived in the Cranberry Lake area since 1949 and was acquainted with Frank Hand. According to Burnett, Hand continued to use the dock until his death in 1954. Specifically, Burnett averred that Hand moored a metal boat at that location. Given Hand's continued use of the dock, it is reasonable to infer that the footpath/easement was in "functional existence" both prior to and following Hand's 1951 conveyance of the property to Almeron Bellanger (*compare, Yolam Constr. v Phillips, supra,* at 1167).

plaintiffs and their predecessors in interest to abandon the easement. Accordingly, we conclude that Supreme Court's judgment should be affirmed. Plaintiffs' remaining arguments in support of reversal have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.