In the Matter of VALERIE A. KEIPPER, Appellant, v THOMAS A. TRILL, Respondent. [792 NYS2d 278]—

Appeal from an order of the Family Court, Erie County (Rosalie S. Bailey, J.), entered December 2, 2003 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to the order of the Hearing Examiner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting objection No. 4 and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner appeals from an order of Family Court denying her objections to the order of the Hearing Examiner denying in part her petition to enforce the child support provisions of the parties' divorce judgment. The court properly awarded no child care expenses to petitioner because petitioner failed to meet her burden of proof with respect to those expenses. The court provided "some record articulation of the reasons for [its] choice" not to apply the child support percentage to the combined parental income exceeding $80,000 (*Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *see Eaton v Eaton*, 214 AD2d 933, 933-934 [1995]), and there is no basis in the rec-

ord for disturbing that choice. The parties' property settlement agreement expressly contemplated the partial abatement of respondent's obligation to pay child support during the months the eldest child attended college as a boarding student (*see Matter of Houck v Houck*, 246 AD2d 905, 906 [1998]; *cf. Matter of Kurzon v Kurzon*, 246 AD2d 693, 694-695 [1998]), and the court properly determined the extent of that partial abatement. In its calculation of arrears, however, the court erred in extending the period of abatement to include the semesters preceding the filing of the petition on December 30, 2002 (*see* Family Ct Act § 451). The court also erred in giving effect to the parties' informal understanding that respondent would pay half of the eldest child's college expenses. The property settlement agreement provides that both parties shall share those expenses "in the same percentage as is required under the [Child Support Standards Act] for meeting uninsured health care related expenses," i.e., "in the same proportion as each parent's income is to the combined parental income" (Family Ct Act § 413 [1] [c] [5]). The property settlement agreement further provides that modifications of its provisions "shall be effective only if made in writing and executed with the same formality as this agreement." We therefore modify the order by granting petitioner's objections in part, and we remit the matter to Family Court to recalculate the amount of child support arrears accruing prior to December 30, 2002 and to determine respondent's obligation to contribute to the eldest child's educational expenses in accordance with paragraph 66 of the property settlement agreement. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.