■ MILTON RABINOWITZ et al., Appellants, v AMERICAN TIRE WORKS, Respondent.—In an action for a permanent injunction, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brucia, J.), dated August 20, 1987, which denied their motion for summary judgment or, alternatively, to amend their complaint, and granted the defendant's cross motion for summary judgment dismissing the complaint as time barred and for leave to amend its answer.

Ordered that the order is modified, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs, by deed dated September 10, 1984, acquired certain property, together with "a right-of-way for ingress to and egress from" the property, over a 20-foot strip of land located on the defendant's abutting property and connecting the plaintiffs' property with Sunrise Highway. In 1986, the plaintiffs sought from the defendant's predecessor in title, Richard Bodkin, an acknowledgment of the validity of the right-of-way despite the existence of a fence which cut across it. Bodkin refused to comply and thereafter sold his premises to the defendant. The plaintiffs informed the defendant of their right-of-way and requested that it remove that portion of the fence which blocked it. The defendant maintained that the right-of-way had been abandoned by the plaintiffs' predecessors in title. Thereafter, the plaintiffs instituted this action seeking, *inter alia,* removal of the fence. In its verified answer, the defendant averred, in pertinent part, that the action was time barred pursuant to RPAPL 2001.

After issue was joined, the plaintiffs moved for summary judgment and for leave to amend their complaint to add a cause of action for a declaration of the plaintiffs' right to use

the right-of-way in the event that summary judgment was denied. In opposition, the defendant cross-moved for summary judgment dismissing the complaint as time barred, and, if necessary, to amend its verified answer by deleting the reference to RPAPL 2001 and substituting therefor a reference to CPLR 213 (1).

The Supreme Court denied the plaintiffs' motion, and granted that branch of the defendant's cross motion which was for leave to amend its verified answer, and thereupon granted summary judgment to the defendant.

Initially we find that the Supreme Court did not abuse its discretion by granting that branch of the defendant's cross motion which was for leave to amend its answer by deleting the reference to RPAPL 2001 and substituting therefor a reference to CPLR 213 (1). As noted by the Supreme Court, such amendment is unnecessary. "It [is] sufficient under CPLR 3013 that [the defendant] pleaded the 'statute of limitations' as a defense; it was not required to identify the statutory section relied on or to specify the applicable period of limitations" (Immediate v St. John's Queens Hosp., 48 NY2d 671, 673). In any event, there was no basis for denying the amendment (see, CPLR 3025; Fahey v County of Ontario, 44 NY2d 934).

However, we do find that it was error to grant that branch of the defendant's cross motion which was for summary judgment dismissing the complaint as time barred under CPLR 213 (1). It cannot be ascertained when the cause of action accrued for the purpose of computing the running of the period of limitation without determining whether at the time of the erection of the fence, the right-of-way was in existence or whether the right-of-way was unopened. If the right-of-way was unopened, then this action did not accrue until the plaintiff demanded the removal of the fence and the opening of the right-of-way (see, Castle Assocs. v Schwartz, 63 AD2d 481). However, if the right-of-way was in use, then the cause of action accrued at the time one of the defendant's predecessors in title interfered with that use by erecting the fence (see, Castle Assocs. v Schwartz, supra). Accordingly, the defendant was not entitled to summary judgment dismissing the complaint as time barred under CPLR 213 (1) and the plaintiffs' motion for summary judgment was properly denied.

Furthermore, the Supreme Court apparently denied the plaintiffs' motion to amend their complaint to add a cause of action for declaratory judgment on the ground that such relief was barred by the limitation period set forth in CPLR 213 (1).

In light of our determination that the Statute of Limitations issue cannot be determined on the record before this court, and given the inadequacy of the plaintiffs' motion papers, the plaintiffs may, if they be so advised, renew their request for leave to amend their complaint on appropriate papers. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.