■ WILLIAM CONWAY et al., Respondents, v GORDON HAHN et al., Appellants, et al., Defendant. [617 NYS2d 52] —In an action, *inter alia,* to enjoin the defendants from obstructing an easement of ingress and egress, the defendants appeal from (1) an order of the Supreme Court, Nassau County (O'Brien, J.), dated March 2, 1994, which, upon granting the defendants'

motion to renew their opposition to the plaintiffs' motion for summary judgment, adhered to its original determination granting the plaintiffs summary judgment, and (2) a judgment of the same court, dated March 7, 1994, which is in favor of the plaintiffs and against them, and, *inter alia,* directed the defendants to remove a certain elevated driveway ramp.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

In 1981, the defendants' predecessor in interest constructed an elevated driveway ramp which encroaches on an easement held by the plaintiffs by virtue of an express grant making reference to a filed subdivision map. The plaintiffs acquired the unimproved property in 1992, and thereafter commenced construction on a dwelling. Use of the easement had not been exercised prior to that time. The plaintiffs commenced this action after the defendants refused to remove their driveway, which impedes the plaintiffs' access to their property.

In granting summary judgment to the plaintiffs, the Supreme Court correctly concluded that the easement was not extinguished by adverse possession. A "paper" easement, not located and developed through use, may not be extinguished by adverse possession absent a demand by the owner of the easement that the easement be opened, and a refusal by the party in adverse possession *(see, Spiegel v Ferraro,* 73 NY2d 622, 626; *Castle Assocs. v Schwartz,* 63 AD2d 481, 490). Because the plaintiffs first demanded that the defendants remove the encroaching portion of their driveway in 1992, the defendants' possession has not been adverse for the requisite 10-year period *(see, Spiegel v Ferraro, supra,* at 625; *Castle Assocs. v Schwartz, supra).* Moreover, because the plaintiffs' cause of action did not accrue until the defendants refused to remove the encroachment, the action was timely commenced *(see,* CPLR 213 [1]; *Rabinowitz v American Tire Works,* 146 AD2d 760, 761).

We have considered the defendants' remaining contentions

and find them to be without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.