█ LESTER WUNDERMAN, Respondent, v MYRON NELKIN et al., Appellants. [647 NYS2d 535] —In an action, *inter alia,* for a judgment declaring that the plaintiff has an easement of ingress and egress, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 25, 1995, which granted the plaintiff's motion for summary judgment with respect to the first two causes of action, ordered that the issue of damages alleged in the third cause of action be determined at trial, and denied the defendants' cross motion for summary judgment in their favor.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the stay of enforcement granted by this Court in a decision and order on motion dated September 6, 1996, is vacated forthwith.

The facts are undisputed. In 1980 the plaintiff sold a parcel of property to the defendants subject to an easement for "a right of way, 5 feet in width, along the entire westerly boundary of the premises to the Atlantic Ocean". In 1981 the defendants constructed a fence which, among other things, crossed the portion of the property burdened by the easement. In late 1993 the plaintiff discovered the obstruction and, in 1994, he demanded that it be removed to allow the right of way granted by the easement to be opened. The easement had not been used prior to that time. The plaintiff commenced this action after the defendants refused to remove the obstruction to the course of right of way to permit it to be improved and opened.

In granting summary judgment to the plaintiff, the Supreme

Court correctly concluded that the easement was not extinguished by adverse possession. A "paper" easement, not located and developed through use, may not be extinguished by adverse possession absent a demand by the owner of the easement that the easement be opened, and a refusal by the party in adverse possession (see, Spiegel v Ferraro, 73 NY2d 622, 624; Conway v Hahn, 208 AD2d 492, 493; Castle Assocs. v Schwartz, 63 AD2d 481). Because the plaintiff first demanded that the defendants remove the encroachment to the right of way in 1994, the defendants' possession has not been adverse for the requisite statutory period (see, Spiegel v Ferraro, supra, at 625; Conway v Hahn, supra, at 493; Castle Assocs. v Schwartz, supra). O'Brien, J. P., Copertino, Pizzuto and Hart, JJ., concur.