■ G. Randall Will et al., Appellants, v Peter R. Gates et al., Respondents. [678 NYS2d 119] —In an action, inter alia, for a judgment declaring the rights of the parties with respect to the use of a right-of-way, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Putnam County (Hickman, J.), entered November 5, 1993, as denied their motion for summary judgment, declared the right-of-way and the plaintiffs' use of the right-of-way terminated, granted the defendants' cross motion for summary judgment dismissing the complaint, and awarded the defendants attorneys' fees. By decision and order dated April 1, 1996, this Court modified the order and judgment by deleting the provision thereof which awarded the defendants attorneys' fees, and otherwise affirmed the order and judgment insofar as appealed from on the ground that any easement the plaintiffs had to the north-south right-of-way was extinguished by merger of the dominant and servient estates (see, Will v Gates, 226 AD2d 366). In an opinion dated May 13, 1997, the Court of Appeals reversed the decision and order of this Court, held that the plaintiffs alleged sufficient facts to make out a prima facie showing of their right to the easement at issue and

remitted the matter to this Court for consideration of those issues raised but not previously considered on appeal (*see, Will v Gates,* 89 NY2d 778).

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the plaintiffs' motion for summary judgment declaring their right to the north-south easement is granted, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith, and entry of an appropriate judgment declaring the rights of the parties.

Contrary to the trial court's determination, the evidence does not support a finding that the easement in the north-south right-of-way was abandoned by the plaintiffs or their predecessors. As stated by the Court of Appeals, in *Gerbig v Zumpano* (7 NY2d 327, 331), "It is clear that nonuser alone, no matter how long continued, can never in and of itself extinguish an easement created by grant (*Welsh v. Taylor,* 134 N.Y. 450; 3 Powell, Real Property, par. 423, p. 491; Walsh, The Law of Property [2d ed], § 305). In order to prove abandonment it is necessary to establish both an intention to abandon and also some overt act or failure to act which carries the implication that the owner neither claims nor retains any interest in the easement". Furthermore, acts evincing an intention to abandon must be unequivocal. They must clearly demonstrate the permanent relinquishment of all right to the easement (*see, Welsh v Taylor, supra*).

Here, the evidence of nonuse, coupled with the failure to act, on the part of the plaintiffs and their predecessors, prior to the instant action, does not establish abandonment (*see, De Jong v Abphill Assocs.,* 121 AD2d 678, 680; *Castle Assocs. v Schwartz,* 63 AD2d 481). The construction of obstructions on the easement at issue was merely "evidence of non-user and nothing more" (*Welsh v Taylor, supra,* at 459).

Likewise, the plaintiffs' easement in the north-south right-of-way was not extinguished by adverse possession. A "paper" easement, not located and developed through use, may not be extinguished by adverse possession absent a demand by the owner of the easement that the easement be opened, and a refusal by the party in adverse possession (*see, Spiegel v Ferraro,* 73 NY2d 622, 626; *Conway v Hahn,* 208 AD2d 492, 493; *Castle Assocs. v Schwartz, supra,* at 490). Because the plaintiffs first demanded that the north-south right-of-way be opened in May of 1992, the defendants' possession has not been adverse for the requisite 10-year period (*see, Spiegel v Ferraro, supra,* at 625; *Conway v Hahn, supra,* at 493; *Castle Assocs. v*

*Schwartz, supra*). Therefore, the defendants' claim to unfettered ownership of the north-south right-of-way under the doctrine of adverse possession must be rejected (*see, Del Fuoco v Mikalunas,* 118 AD2d 980, 981-982).

Accordingly, the plaintiffs are entitled to a declaration that they have an easement in the north-south right-of-way, as recorded on Map 32, entitled "Estate of Judge John Garrison", filed November 17, 1868, in the Putnam County Clerk's Office. However, on the record before us, in the absence of a land survey, there can be no determination as to where on the property the easement lies, and what, if any, obstructions exist on the easement. Therefore, the matter must be remitted to the Supreme Court for a determination of this issue and the plaintiffs' application for a permanent injunction.

The defendants' remaining contentions are without merit. Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.