OPINION OF THE COURT
Peter J. Kelly, J.
*184 This action for, inter alia, declaratory judgment and injunctive relief has its origin in an easement that provides for a right-of-way over the rear portion of several adjoining parcels of real property. The properties owned by these parties consist of three contiguous rectangular shaped lots each partially improved with attached three-story structures that front Astoria Boulevard. Specifically, the plaintiffs, Fraternal Society of Canicatti, Inc. and 37-12 Astoria Boulevard Housing Development Fund Corporation (Fund) own the premises located at 37-08, 37-10 and 37-12 Astoria Boulevard, respectively. The lot owned by Fraternal Society is located between the lot owned by Fund and the lot owned by plaintiffs.
The easement in question, which established a “driveway or right of way” across the rear portions of the aforementioned properties located at 37-08, 37-10 and 37-12 Astoria Boulevard, was recorded on March 6, 1924. The easement is described as being 8 feet wide and 142 feet 4 inches in length running parallel to Astoria Boulevard 98 feet 4¼ inches south of said thoroughfare and was created when the original owner of the property subdivided the property into lots.
It is undisputed that all the deeds to the parties’ property acknowledge the existence of the easement and that the only access point to the easement is from 38th Street which runs perpendicular to and intersects Astoria Boulevard at the opposite end of the block from where plaintiffs’ lot is located. To access the rear of their property via the easement would require the plaintiffs to enter from 38th Street and travel across the back of all of the adjoining properties.
The plaintiffs seek to have Fraternal Society remove a chain link fence and for Fund to remove a metal pole which are claimed to obstruct the easement. Of primary concern is the fence erected by Fraternal Society which completely encloses the unimproved portion of its property and entirely blocks the easement.
In an affidavit, Giuseppe Aronica, a member of the defendant Fraternal Society, avers that there has been a fence enclosing Fraternal Society’s backyard since the premises was purchased in 1967 and that the fence was replaced in 1998. At his deposition, the plaintiff Stavros Mourelatos acknowledged that, when he purchased his house in 1981, he was aware of the existence of the fence on Fraternal Society’s property and that he requested they remove it soon after the closing. Mourelatos averred that his demands to demolish the fence went unan *185 swered. In an affidavit submitted in support of their cross motion, Mourelatos contradicts his earlier testimony concerning the existence of the fence by alleging he and his wife have utilized the easement by driving their car over it since they purchased their residence until recently.
It is well settled that “an easement created by grant may be extinguished by adverse possession” (Spiegel v Ferraro, 73 NY2d 622, 625 [1989]). To establish adverse possession of an easement, the property must be “protected by a substantial inclosure” (RPAPL 512 [2]) for the statutory period of 10 years (RPAPL 501). The common-law elements of adverse possession, specifically that possession of the easement “was hostile, under a claim of right, actual, open, notorious, exclusive, and continuous for the statutory period,” must also be demonstrated by clear and convincing evidence (Casini v Sea Gate Assn., 262 AD2d 593, 594 [1999]). Where, as here, there is an easement by grant or a “paper” easement, it “may not be extinguished by adverse possession absent a demand by the owner of the easement that the easement be opened, and a refusal by the party in adverse possession” (Will v Gates, 254 AD2d 275, 276 [1998]; see also, Wunderman v Nelkin, 231 AD2d 628 [1996]; Conway v Hahn, 208 AD2d 492 [1994]; Castle Assoc, v Schwartz, 63 AJD2d 481 [1978]).
It is apparent from the admissible evidence that the chain link fence enclosing Fraternal Society’s property constituted a “substantial enclosure” as a matter of law (see, Morris v DeSantis, 178 AD2d 515 [1991]). Possession of the easement by Fraternal Society was undisputably hostile. It is axiomatic that “a man who owns land subject to an easement, has the right to use his land in any way not inconsistent with the easement” (Serbalik v Gray, 268 AD2d 926, 927 [2000] [citations and internal quotation marks omitted]). By erecting the fence totally obstructing the easement, Fraternal Society’s use was clearly inconsistent with the right-of-way. The plaintiffs cannot challenge that the possession here was actual, open and notorious since Stavros Mourelatos admitted being aware of the fence from the time he bought the property and that the fence entirely blocked the subject easement at that time.
As to the issues of exclusivity and continuousness of the possession, Mourelatos’ statements in his affidavit submitted in support of his cross motion that he utilized the easement from the time he purchased the property until 2001 fail to raise an issue of fact because they directly contradict earlier deposition *186 testimony where he acknowledged the existence of the fence blocking the easement. Under the circumstances, the affidavit creates nothing more than a feigned issue of fact (see, Lincoln v Laro Serv. Sys., 1 AD3d 487 [2003]; Topal v Village of Pelham, 304 AD2d 821 [2003]).
Mourelatos’ deposition testimony establishes that he demanded removal of the fence in 1981 and that Fraternal Society refused to comply despite numerous demands. As such, Fraternal Society’s possession of the easement became adverse upon the plaintiffs demand and any cause of action to reestablish use of the easement accrued when Fraternal Society failed to comply (see, Will v Gates, supra; Wunderman v Nelkin, supra; Conway v Hahn, supra).
The possession of the property subject to the easement was, as a matter of law, under a claim of right since the Fraternal Society undisputably owned the property in question. The plaintiffs’ reliance on Robinson v Eirich (2 AD3d 617 [2003]) for support on this point is misplaced. In that case, the plaintiff fenced property subject to an easement that she knowingly did not own. The Appellate Division, Second Department, held that the easement could not be destroyed by adverse possession reasoning the property was not possessed under a claim of right based upon the plaintiffs awareness that she was not the owner.
In this case, Fraternal Society’s ownership of the property enclosed by the fence and subject to the easement is not challenged. The Fraternal Society’s cognizance of the easement is not, as plaintiffs assert, a bar to adverse possession but rather it is a requirement (see, Will v Gates, supra; Wunderman v Nelkin, supra; Conway v Hahn, supra).
There is no issue of fact that Fraternal Society’s adverse possession was far in excess of the statutory 10 years since there is no acceptable proof to contradict that the fence has existed since 1967 and that the plaintiffs demanded its removal in 1981. Nor does the fact that the plaintiffs and defendants were all entitled to use the easement establish a cotenancy under section 541 of the Real Property Actions and Proceedings Law that would have extended the period of adverse possession from 10 to 20 years (see, Guardino v Colangelo, 262 AD2d 777 [1999]).
As the defendant Fraternal Society fulfilled all the necessary elements to establish it adversely possessed the easement in question, the easement and right-of-way over Fraternal Society’s property “is gone forever and cannot be revived” (Sam Dev. v Dean, 292 AD2d 585, 586 [2002]). Accordingly, Fraternal *187 Society’s motion for summary judgment is granted and the plaintiffs’ complaint against it is dismissed. The plaintiffs’ cross motion for summary judgment against Fraternal Society is denied.
Insofar as that branch of the plaintiffs’ cross motion for summary judgment against the defendant Fund is concerned, the plaintiffs have failed to establish by proof in admissible form a prima facie case against Fund. Although Mourelatos states in his affidavit that the pole “depriv[es]” and negatively effects the plaintiffs’ use of the easement, there is no proof by photograph, survey or otherwise establishing the precise location of the pole and that it is, in fact, within the easement. Accordingly, the branch of the plaintiffs’ cross motion for summary judgment against the defendant Fund is denied.