■ GAMIL F. YOUSSEF et al., Respondents, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant, et al., Defendant. [808 NYS2d 362]—

In a consolidated action, inter alia, to recover damages for personal injuries, etc., the defendant Triborough Bridge and Tunnel Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated November 5, 2004, as denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint in the action commenced under index No. 11029/03 as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is granted, and the complaint in the action commenced under index No. 11029/03 is dismissed.

The Supreme Court erred in denying the motion of the defendant Triborough Bridge and Tunnel Authority (hereinafter the Authority) to dismiss the action commenced under index No. 11029/03 as time-barred. We agree with the Authority that it did not waive the statute of limitations defense despite the fact that it didn't plead the correct statutory provision. The mere statement "statute of limitations" was sufficient to raise the defense since a defendant is not required to identify the statutory provision or specify the period of limitations (*see Immediate v St. John's Queens Hosp.,* 48 NY2d 671, 673 [1979]; *Rabinowitz v American Tire Works,* 146 AD2d 760, 761 [1989]; *see also Arcuri v Ramos,* 7 AD3d 741 [2004]).

Moreover, pleadings should be liberally construed and defects ignored unless a substantial right is prejudiced (*see* CPLR 3026), and if there is any doubt as to the availability of a defense, the defendant is entitled to every reasonable intendment of its pleading (*see Brodeur v Hayes,* 305 AD2d 754, 755 [2003], quoting *Warwick v Cruz,* 270 AD2d 255 [2000]). Here, the record

fails to demonstrate any factual basis for the plaintiffs' claim of prejudice since the pleaded defense sufficiently provided them with notice of the matters intended to be proved, nor were the plaintiffs mislead to their detriment as to the wrong period of limitations. Under the mis-cited statute, Public Authorities Law § 1212 (2), the period of limitations is one year and 90 days. Even if the plaintiffs were mislead into believing that the timeliness of the action was to be measured by that standard, it was nevertheless time-barred. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.