Golia, J.
(concurring in the following memorandum). While I concur in the result and vote to affirm the order, insofar as appealed from, I find it necessary to address additional issues raised herein.
Plaintiff corporation initiated this action seeking to recover first-party no-fault benefits assigned to it by several assignors who allegedly had received acupuncture treatments from plaintiff. While the action initially involved claims stemming from several assignors, the majority of those claims have in some manner been disposed of and the matter now only involves claims seeking benefits from a single assignor, Waltman Nunez.
In response to a notice of trial filed by plaintiff, as assignee of Nunez, defendant moved to strike the notice, alleging that there remained outstanding discovery to which defendant was entitled. Defendant requested that the court compel plaintiff to *45 supply this discovery, which consisted of responses to interrogatories and the production of Valentina Anikeyeva for an examination before trial. Ms. Anikeyeva is the alleged owner of many health care corporations, of which plaintiff is one.
The Civil Court granted defendant’s motion to strike the notice of trial and ordered plaintiff to supply the outstanding discovery. Plaintiff contends on appeal that defendant is not entitled to the requested discovery as the information sought is not material or necessary to any of the affirmative defenses pleaded in defendant’s answer. I disagree.
The type of information sought by defendant includes copies of plaintiffs corporate tax returns and bank records, rental and billing agreements, and information concerning the corporate form of plaintiffs business and plaintiffs employees and independent contractors. This information is sought because defendant intends to present a defense in this matter based on State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]), alleging that plaintiff corporation is improperly incorporated or licensed, and thus not eligible to receive first-party no-fault benefits.
Any medical provider fraudulently incorporated and/or licensed is “ineligible to recover no-fault benefits” (New York Cent. Mut. Ins. Co. v McGee, 87 AD3d 622, 624 [2011], citing State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d at 319-322). The specific licensing issue addressed in Mallela is the same issue presented in the instant matter, namely the prohibition of “nonphysicians . . . owning or controlling medical service corporations” (Mallela, 4 NY3d at 321).
For a party to claim entitlement to any discovery with respect to a defense, the information sought must be material and necessary to the establishment of that particular defense (see CPLR 3101 [a]). The scope of such discovery is limited to those “issues framed by the pleadings” (Mavroudis v State Wide Ins. Co., 102 AD2d 864 [1984]). Plaintiff argues that defendant has no right to the information sought because defendant’s answer did not include an affirmative defense laying out the specific elements of a Mallela claim. I find defendant need not have made such a fact-specific assertion in the answer. Additionally, as discussed later, a Mallela claim is nonprecludable and can be raised at any time.
The Mallela Court held that
“a medical corporation that was fraudulently incorporated under N.Y. Business Corporation Law *46 §§ 1507, 1508, and N.Y. Education Law § 6507(4)(c) [is not] entitled to be reimbursed by insurers, under New York Insurance Law §§ 5101 et seq., and its implementing regulations, [even] for medical services rendered by licensed medical practitioners” (Mallela, 4 NY3d at 320 [internal quotation marks omitted]).
In the verified answer filed by defendant, the first affirmative defense is that “[plaintiff has failed to state a valid cause of action as to any and all allegations.” The second affirmative defense asserted by defendant is that “[pRaintiff and/or plaintiff’s assignor has not met and fully complied with all conditions precedent to bringing an action against the defendant.” Additionally, defendant’s fourth affirmative defense alleges “[pRaintiff lacks standing to bring this action, as the benefits were not properly assigned.”
“[PReadings should be liberally construed and defects ignored unless a substantial right is prejudiced (see CPLR 3026), and if there is any doubt as to the availability of a defense, the defendant is entitled to every reasonable intendment of its pleading” (Youssef v Triborough Bridge & Tunnel Auth., 24 AD3d 661, 661 [2005]). Here, defendant’s pleadings challenge plaintiffs standing. Indeed, this court has previously addressed that specific issue, which concerns itself with the ability of a defense challenging a plaintiffs standing to envelop a Mallela claim.
In Quality Med. Care, P.C. v New York Cent. Mut. Fire Ins. Co. (26 Misc 3d 139[A], 2010 NY Slip Op 50262[U], *1 [App Term, 2d, 11th & 13th Jud Dists 2010]), the parties stipulated that the plaintiff corporation was
“a lawfully constituted professional service corporation wholly owned by a licensed physician, that the physician was not certified to perform acupuncture at the time the acupuncture services at issue were provided, and that the services were provided by a licensed acupuncturist employed by plaintiff. The parties also stipulated that the sole issue for the Civil Court’s determination was whether plaintiff had standing to commence th[e] action to recover benefits under the no-fault provisions of the insurance policy.”
The Civil Court found that the plaintiff corporation had standing. The defendant then appealed.
In examining Quality Med. Care, P.C. on appeal, this court found that the plaintiff corporation was not eligible to receive *47 the assigned benefits. It was not enough that the “acupuncture services were rendered by a licensed acupuncturist employed by the corporation” (id. at *2). “Where ... a professional service corporation is owned solely by a doctor who is not a certified acupuncturist at the time the acupuncture services at issue were rendered, such professional service corporation is not entitled to reimbursement of assigned no-fault benefits for such services” (id.). This court then reversed the Civil Court’s judgment and dismissed that complaint. As the plaintiffs standing was the “sole issue” involved in the judgment on appeal, the Quality Med. Care, P.C. decision must stand for the proposition that a health care provider’s failure to abide by relevant licensing laws denies such corporation standing to bring actions for recovery of assigned first-party no-fault benefits. As defendant here asserted an affirmative defense in the answer challenging plaintiffs standing, defendant is entitled to Mallela discovery.
Defendant’s second affirmative defense contends that “[p]laintiff and/or plaintiff’s assignor has not met and fully complied with all conditions precedent to bringing an action against the defendant.” In the case of Matter of Medical Socy. of State of N.Y. v Serio (100 NY2d 854 [2003]), the Court of Appeals addressed the constitutionality of certain no-fault insurance regulations promulgated by the Superintendent of Insurance. In holding these regulations valid, the Court of Appeals noted that these regulations did not improperly create any new exclusions, but rather constituted “condition[s] precedent with which all claimants must comply in order to receive benefits under the statute” (id. at 866). These regulations were codified in Insurance Department Regulations (11 NYCRR) part 65. Among these conditions precedent is Insurance Department Regulations (11 NYCRR) § 65-3.16 (a) (12), which provides that
“[a] provider of health care services is not eligible for reimbursement under section 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York or meet any applicable licensing requirement necessary to perform such service in any other state in which such service is performed.”
Thus, when defendant’s answer is read in a manner allowing defendant “every reasonable intendment of its pleading” (Youssef, 24 AD3d at 661), a plain reading and logical construction of the pleadings clearly permits respondent to obtain Mai *48 lela discovery. A failure by plaintiff to have complied with the relevant licensing laws of New York State would be a failure to satisfy a “condition precedent” (Matter of Medical Socy. of State of N.Y., 100 NY2d at 866) necessary to recovery of no-fault benefits. Defendant’s assertion of an affirmative defense alleging plaintiff’s failure to satisfy all conditions precedent is consequently sufficient notice to plaintiff of defendant’s intention to pursue a Mallela defense, notwithstanding the plaintiff’s contention that an exacting, concise and strict choice of words is necessary.
Further, I take note of the affirmative defense alleging “[pjlaintiff has failed to state a valid cause of action as to any and all allegations.” While plaintiffs pleadings appear on their face to state a cause of action for which relief may be granted, a “cause of action seeking relief on behalf of one not legally entitled to such relief fails to state a cause of action” (Dong Wook Park v Michael Parke Dori Group, Inc., 12 Misc 3d 1182[A], 2006 NY Slip Op 51376[U], *5 [Sup Ct, Nassau County 2006]). Furthermore, it must stand that a cause of action premised on a fraud is not a valid cause of action. Here, defendant argues that possible fraudulent licensing or incorporation may render plaintiff not entitled to the recovery of no-fault benefits (see Mallela, 4 NY3d 313 [2005]). Indeed, in the interrogatories attached to the verified answer, defendant quite specifically and clearly sought Mallela-based information. Thus, plaintiff then being on notice of defendant’s request, defendant is entitled to discovery related to the issues of plaintiffs licensing and incorporation, as such information can establish that plaintiff does not possess a valid cause of action.
Finally, as previously stated by the Appellate Term in Lexington Acupuncture, P.C. v State Farm Ins. Co. (12 Misc 3d 90, 92 [App Term, 2d & 11th Jud Dists 2006]), the Mallela defense “is not subject to preclusion.” It would be illogical to effectively deny defendant the ability to raise a nonwaivable defense by denying defendant access to discovery necessary to establish that very defense. Even if one were to say it is impossible to read defendant’s answer to include a Mallela defense, the nonwaivable nature of the defense permits respondent to raise the defense now. Accordingly, defendant is permitted to seek discovery which is material and necessary to the establishment of that defense.
The present matter has yet to proceed to trial, and there is no appearance of prejudice to plaintiff in allowing defendant Mai *49 lela discovery at this point in the proceedings. I address this issue only in the interest of completeness. Certainly, the nonwaivability of a nonprecludable defense attests to the fact that prejudice is a nonissue, excepting instances where fraud is present. Indeed, plaintiff fails to point to any substantial right it possesses which would be prejudiced if defendant were permitted to pursue such a defense. Plaintiff merely states in its brief to this court, without any substantiation, that “undue prejudice to [appellant] should be clear in this case.” It is not clear to me. What is clear to me is that defendant’s intention to pursue a Mallela defense was sufficiently apparent since the inception of this claim.
Similarly, plaintiff cannot reasonably plead surprise in response to the raising of the Mallela defense. As with prejudice, surprise presents no logical or material issue. There exists a rich history of litigation, involving a multitude of cases before the Appellate Term, in which health care facilities allegedly owned by Ms. Anikeyeva have been asked to supply Mallela discovery (e.g. First Help Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 24 Misc 3d 131[A], 2009 NY Slip Op 51354[U] [App Term, 2d, 11th & 13th Jud Dists 2009]; Great Wall Acupuncture v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 136[A], 2008 NY Slip Op 51529[U] [App Term, 2d & 11th Jud Dists 2008]; AVA Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 16 Misc 3d 138[A], 2007 NY Slip Op 51756[U] [App Term, 2d & 11th Jud Dists 2007]). Indeed, in the cross motion papers submitted in the Civil Court, plaintiff made specific note of an extended history of attempts by defendant herein to discern who the true owner of plaintiff corporation is. As detailed above, several affirmative defenses included in defendant’s answer and interrogatories attached thereto put plaintiff on sufficient notice from the very beginning that Mallela discovery will be sought by defendant. Clearly, “if there is any doubt as to the availability of a defense, the defendant is entitled to every reasonable intendment of its pleading” (Youssef, 24 AD3d at 661).
Consequently, I find the answer sufficient in its own right to permit Mallela discovery.
Rios, J.E, and Weston, J., concur; Golia, J., concurs in a separate memorandum.