■ 1080 WARBURTON CORP., Respondent, v HARTON REALTY CORP. et al., Appellants.—In an action for a judgment declaring the plaintiff's 1959 easement on the defendants' land valid, to enjoin the defendants from interfering with the easement, and to recover damages for interference with that easement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 24, 1990, as denied that branch of their motion which was for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment, *inter alia,* declaring that the plaintiff's 1959 easement is extinguished.

The plaintiff and the defendants are the respective owners of two neighboring parcels on Warburton Avenue in Yonkers. By an agreement dated November 4, 1959, the plaintiff's predecessor in interest was granted an easement for ingress and egress to its parcel over the neighboring parcel, then owned by the defendants' predecessor in interest. This agreement precisely delineated the location of the easement across the defendants' property. In or about 1965, the defendants' predecessor in interest constructed a six-story building, together with a 25-foot retaining wall, which wall completely

and permanently obstructed any possible use thereafter of the easement for ingress and egress. In addition, a portion of the easement was paved over and used as a parking area by the defendants' predecessor in interest. In 1977, the defendants acquired the servient parcel, improved with the building, the retaining wall and the parking lot. In December 1986 the plaintiff acquired title to the dominant parcel. Shortly thereafter, the plaintiff's president demanded that the defendants remove the "violations" to the easement. The defendants refused, and, in 1989, this action ensued.

Summary judgment should have been granted to the defendants (see, Spiegel v Ferraro, 73 NY2d 622, 626-627; see also, 1 Rasch, New York Law and Practice of Real Property § 18:82 [2d ed]). The plaintiff's claim that the defendants have not demonstrated that their use of the easement was adverse is without merit. The construction and maintenance of the retaining wall and parking area in such a way as to entirely destroy the easement's usefulness to the plaintiff and its predecessor for more than the prescriptive period clearly satisfied the requirements for extinguishing the easement (see, Spiegel v Ferraro, supra, at 627-628; see also, 1 Rasch, New York Law and Practice of Real Property § 18:82 [2d ed]).

The parties' other contentions are either without merit or need not be addressed in light of our determination. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.