■ PATRICK W. MCGINLEY et al., Respondents, v JOAN LANA POSTEL, Appellant, et al., Defendants. [830 NYS2d 588]—

In an action, inter alia, for a judgment declaring that a certain express easement permitted the plaintiffs ingress and egress by vehicle over certain property owned by the defendant Joan Lana Postel, the defendant Joan Lana Postel appeals from an amended order and judgment (one paper) of the Supreme Court, Suffolk County (Pines, J.), dated October 7, 2005, which, after a nonjury trial, and upon a decision of the same court dated August 24, 2005, is in favor of the plaintiffs and against her,

declaring that the subject easement permitted the plaintiffs ingress and egress by vehicle over the subject property, directing her to remove, at her sole expense, the existing obstructions at the entrance to the right of way, enjoining her from replacing such obstructions without the plaintiffs' consent and, in effect, dismissing her counterclaims.

Ordered that the amended order and judgment is affirmed, with costs.

In reviewing a trial court's findings of facts following a nonjury trial, this Court's authority "is as broad as that of the trial court" and includes the power to "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [citations and internal quotation marks omitted]; *see Matter of Fasano v State of New York*, 113 AD2d 885, 888 [1985]).

On this record, we discern no basis to disturb the Supreme Court's determination, as the evidence amply supports the plaintiffs' view that the subject easement, which was created by grant, was not subsequently extinguished by adverse possession (*see Spiegel v Ferraro*, 73 NY2d 622 [1989]). Although the defendant Joan Lana Postel tendered evidence showing that she placed boulders and other obstructions on the plaintiffs' right of way, the Supreme Court properly credited the testimony of the plaintiffs' witnesses, who averred that they either removed the obstructions or maneuvered around them, traversing the right of way with cars, motorcycles, and tractors. Thus, Postel failed to establish that she effectively interfered with the plaintiffs' use and enjoyment of the easement for the requisite period of time (*compare Pekarek v Votaw*, 216 AD2d 829, 831 [1995], *and Del Fuoco v Mikalunas*, 118 AD2d 980, 981-982 [1986], *with Zeledon v MacGillivray*, 263 AD2d 904 [1999], *and 1080 Warburton Corp. v Harton Realty Corp.*, 175 AD2d 917 [1991]). Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.