■ KYLER CRAGNOLIN, Respondent-Appellant, v BRIE GALLAGHER, Appellant-Respondent. [892 NYS2d 197]—

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, Kyler Cragnolin, and the defendant, Brie Gallagher, own adjoining parcels of real property in the Town of Cortlandt. Gallagher owns six parcels, designated as tax lots 56.17-1-9, 56.17-1-10, 56.17-1-11, 56.17-1-12, 56.17-1-14, and 56.17-1-15 on the tax map of the County of Westchester (hereinafter lots 9, 10, 11, 12, 14, and 15, respectively), and Cragnolin owns one parcel, designated tax lot 56.17-1-13 on the tax map of the County of Westchester (hereinafter lot 13). Each of the original deeds for lots 9, 10, 12, and 13 contains an easement (hereinafter collectively the easements) permitting the owners of those parcels and their successors-in-interest to draw water from a common water system (hereinafter the water system) consisting of three wells, one of which is located on each of lots 10, 12, and 14, and a cistern and a water storage tank, both of

which are located on lot 12. Additionally, the easements provided that the owners of the parcels benefitted by the easements were required to jointly operate and maintain the water system.

At some unknown time, a pressurization tank serving lot 13 and an electrical supply for the well identified as "DW #3" on a survey prepared by Badey & Watson dated March 7, 2001, as revised March 6, 2007 (hereinafter the survey), and located on lot 14, were installed in the basement of a house erected on lot 11. As such, all components of the water system are located on parcels presently owned by Gallagher. The deeds for the parcels benefitted by the easement also allocate percentages of the operating and maintenance costs for the water system to each such parcel, with Cragnolin's share set at 5%. The extent of Cragnolin's right, as the present owner of lot 13, to draw from and operate the common water system is in dispute.

Cragnolin moved, inter alia, for summary judgment, contending that, under the covenants containing the easements, inter alia, he is entitled to draw water from the water system for the entire year, and to have Gallagher restore it to its original condition. Gallagher opposed the motion, arguing, essentially, that the easements granted Cragnolin the right only to seasonal use of the water system during the summer, and that he had abandoned most of the water system. Insofar as relevant to this appeal, the Supreme Court granted that branch of Cragnolin's motion which was for summary judgment, and thereafter entered judgment thereon. We modify.

Contrary to Gallagher's contention, the Supreme Court did not err in concluding, in effect, that Cragnolin and his successors have an easement to draw water from the aforementioned three wells during the entire year, and not just seasonally during the summer. Gallagher's proof in this regard was insufficient to raise a triable issue of fact with respect to this aspect of the dispute. Viewed in the light most favorable to Gallagher, the evidence showed, at most, that Cragnolin did not use and failed to maintain only certain portions of the easement benefitting lot 13. This proof was patently insufficient to show that Cragnolin abandoned all or any integral part of said easement (see Gerbig v Zumpano, 7 NY2d 327, 330 [1960]; M. Parisi & Son Constr. Co., Inc. v Adipietro, 21 AD3d 454, 456 [2005]; O'Malley v Hill & Dale Prop. Owners, 299 AD2d 400 [2002]; Will v Gates, 254 AD2d 275 [1998]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). However, in making its determination, the Supreme Court should also have allocated the costs of operating and maintaining the water system in accordance with the deeds creating the easements, and the judgment must be modified accordingly.

Since Cragnolin's proof was insufficient to establish his entitlement to an injunction compelling Gallagher to make certain physical alterations to the water system, so as to restore the water system in its entirety, the Supreme Court should not have granted injunctive relief compelling Gallagher to make such physical alterations.

In addition, a well located on lot 11, identified as "DW #2" on the survey, which Cragnolin concedes in his brief is not part of the common water system, was drilled after the establishment of the common water system, and is not included within the scope of the easement benefitting lot 13.

Gallagher's remaining arguments are not properly before this Court. Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.