■ ZHENGZHI ZHANG et al., Respondents, v GEORGE N. CORITSIDIS et al., Appellants. [933 NYS2d 721]—

The defendants are the owners of certain residential property abutting the Long Island Sound, which they purchased in 1993. In May 2006 the plaintiffs purchased a parcel across the street from the defendants' property. The plaintiffs' deed contains a right-of-way over the westernmost five feet of the defendants' property, from the street to the Long Island Sound, granting them access to the beach.

In April 2007 the plaintiffs commenced this action, inter alia, for a judgment declaring that their property is benefited by a recorded easement over a certain portion of the defendants' property as described in their deed, and for a permanent injunction enjoining the defendants from interfering with their use of the easement. In answering, the defendants raised affirmative defenses alleging, among other things, that the easement was extinguished by abandonment or by adverse possession. Thereafter, the plaintiffs moved for summary judgment, inter alia,

dismissing those affirmative defenses. The Supreme Court, inter alia, granted those branches of the plaintiffs' motion. We affirm the order insofar as appealed from.

The plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging abandonment by submitting evidence that the easement was continuously used by their predecessors in interest, and that neither the plaintiffs nor their predecessors manifested an intention to abandon the easement (*see Consolidated Rail Corp. v MASP Equip. Corp.*, 67 NY2d 35, 39 [1986]; *Cragnolin v Gallagher*, 69 AD3d 554, 556 [2010]; *Janoff v Disick*, 66 AD3d 963, 965-966 [2009]; *Spier v Horowitz*, 16 AD3d 400, 401 [2005]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment dismissing the affirmative defense alleging abandonment.

The plaintiffs also established their prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defense alleging adverse possession by demonstrating that any use of the easement by the defendants was permissive prior to November 2006, when the defendants first made " 'a distinct assertion of a right hostile to the owner,' " well short of the required 10 years before the commencement of this action (*Koudellou v Sakalis*, 29 AD3d 640, 641 [2006], quoting *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]; *see Goldschmidt v Ford St., LLC*, 58 AD3d 803, 805 [2009]; *Kelly v Schwend*, 15 AD3d 450, 450-451 [2005]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment dismissing the affirmative defense alleging adverse possession.

The defendants' remaining contentions are without merit. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31555(U).]**