Concavage Mar. Constr., Inc. v Lou-Al-John Corp. (2021 NY Slip Op 01028)





Concavage Mar. Constr., Inc. v Lou-Al-John Corp.


2021 NY Slip Op 01028


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-09484
 (Index No. 59810/16)

[*1]Concavage Marine Construction, Inc., respondent,
v
Lou-Al-John Corp., etc., et al., appellants.


Alan Kachalsky, Rye, NY, for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and conversion, the defendants appeal from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated July 18, 2019. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint and on their counterclaims.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the breach of contract cause of action insofar as asserted against the defendant Alice Carlos and the unjust enrichment and quantum meruit causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In June 2012, the plaintiff entered into a contract with the defendant Lou-Al-John Corp., doing business as Pearl of Atlantic Boatyard (hereinafter LAJ), whereby the plaintiff agreed to repair LAJ's seawall for $129,830. Although the precise terms of the contract are sharply disputed by the parties, it is undisputed that LAJ made a down payment of $40,000 for the repair work to begin, and that a stop work order was issued in July 2012 due to the failure to secure necessary permits. Approximately three years later, when the necessary permits were finally obtained, LAJ asked the plaintiff to resume the repair work, but a dispute arose as to whether the plaintiff was entitled to seek additional compensation because of the delay.
The plaintiff subsequently commenced this action seeking, inter alia, to recover damages for breach of the contract, and the defendants asserted counterclaims seeking, among other things, similar relief against the plaintiff. The plaintiff also alleges that LAJ and the defendant Alice Carlos refused to return an excavator belonging to the plaintiff, which was left on LAJ's site for several weeks while the parties were arguing over the resumption of the repair work.
The defendants moved, inter alia, for summary judgment dismissing the complaint and on their counterclaims. The Supreme Court, among other things, denied those branches of their motion, and the defendants appeal.
"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50). [*2]Here, neither LAJ nor Carlos established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging conversion of the plaintiff's excavator insofar as asserted against them.
However, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the causes of action seeking recovery on the basis of unjust enrichment and quantum meruit. "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388). Further, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d at 388). Here, since it is undisputed that the plaintiff and LAJ entered into a valid and enforceable contract for the repair of the seawall, the plaintiff is precluded from recovering on its unjust enrichment and quantum meruit causes of action.
Moreover, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against Carlos. "A corporate officer who executes a contract acting as an agent for a disclosed principal is not liable for a breach of the contract unless it clearly appears that he or she intended to bind himself or herself personally" (Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022). Here, Carlos made a prima facie showing that her dealings with the plaintiff were solely in her capacity as an agent of the disclosed principal, LAJ, and that she did not purport to bind herself individually under the contract to repair LAJ's seawall. In opposition, the plaintiff failed to raise a triable issue of fact (see id. at 1022).
The defendants' remaining contentions are without merit.
Accordingly, we modify the order appealed from to the extent indicated.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court