Swinson v Shine (2022 NY Slip Op 00451)





Swinson v Shine


2022 NY Slip Op 00451


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-09878
 (Index No. 17204/14)

[*1]Ernest C. Swinson, et al., respondents, 
v
Edward Shine, etc., appellant.


Ross & Associates, Patchogue, NY (Christopher Ross of counsel), for appellant.
Law Offices of John B. Zollo, P.C., Smithtown, NY, for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property and for injunctive relief, the defendant appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated June 18, 2019. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
The plaintiffs and the defendant each own parcels of real property located in Patchogue. The plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15, seeking a judgment declaring that they possess an easement over the defendant's parcel in order to access the beach. The Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the complaint. The defendant appeals.
The plaintiffs established their prima facie entitlement to judgment as a matter of law that an access easement exists over the defendant's parcel for the benefit of the plaintiffs' parcel. "An easement appurtenant occurs when the easement (1) is conveyed in writing, (2) is subscribed by the creator, and (3) burdens the servient estate for the benefit of the dominant estate" and it passes "to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed" (Reilly v Achitoff, 135 AD3d 926, 927 [internal quotation marks omitted]). An owner of land is bound by an easement which appears in deeds or other instruments of conveyance of record in their property's direct chain of title (see Witter v Taggart, 78 NY2d 234, 238-239).
Here, the plaintiffs' submissions demonstrate that when Geraldine A. Bishop was the owner of both parcels, the easement was validly created, and continued down through the chain of title for the subject parcels. The plaintiffs submitted the deeds in the chain of title for both parcels, which specifically reference the plaintiffs' access easement over the defendant's parcel for "beach and bathing purposes." There is furthermore no indication that the plaintiffs manifested an intention to abandon the easement (see Zhengzhi Zhang v Coritsidis, 90 AD3d 650). As the defendant failed to raise a triable issue of fact, summary judgment in favor of the plaintiffs was properly granted (see [*2]Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 840).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring the validity of the subject access easement (see Lanza v Wagner, 11 NY2d 317, 334).
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court