Li v Navaretta (2023 NY Slip Op 05126)

Li v Navaretta

2023 NY Slip Op 05126

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-08558
 (Index No. 605534/18)

[*1]Jianhui Linda Li, respondent, 
v
John Navaretta, et al., appellants.

Brian J. Davis, P.C., Garden City, NY, for appellants.
Law Offices of Joseph R. Bongiorno & Associates, P.C., Mineola, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered September 4, 2020. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the first cause of action insofar as asserted against the defendants John Navaretta and Mara Navaretta, the second, third, fourth, fifth, sixth, seventh, eighth, ninth, and eleventh causes of action in their entirety, and the tenth cause of action insofar as asserted against the defendants Mara Navaretta and Homes by Mara, Inc., doing business as Homes by Mara Realty.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the first cause of action insofar as asserted against the defendants John Navaretta and Mara Navaretta, the second, third, and ninth causes of action in their entirety, and the tenth cause of action insofar as asserted against the defendants Mara Navaretta and Homes by Mara, Inc., doing business as Home by Mara Realty, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
According to the plaintiff, in 2015, she entered into an independent contractor agreement, pursuant to which she, as a licensed real estate person, would receive a certain percentage of total commissions earned for sales of properties that were listed with the defendant Homes by Mara, Inc., doing business as Homes by Mara Realty (hereinafter Homes by Mara Realty), which is owned by the defendant Mara Navaretta. The defendant John Navaretta, an attorney, is Mara's husband. John asserts that his firm provided legal services as general counsel to Homes by Mara Realty, and he assisted Mara with some of the financial operations. The plaintiff alleges that she complained to the defendants when they failed to pay her the agreed upon commissions for sales she made in 2017 and early January 2018. Moreover, according to the plaintiff, beginning in May 2017, and continuing for many months thereafter, John subjected her to verbal and physical sexual harassment. On January 22, 2018, Mara filed a complaint with the New York State Division of Licensing, wherein she alleged, inter alia, that the plaintiff retained a commission without the authorization of Homes by Mara Realty and attempted to "circumvent" Homes by Mara Realty in order to keep commissions for herself. On that same day, the plaintiff's association with Homes by Mara Realty was terminated. The plaintiff also alleges that, on January 23, 2018, at a sales force [*2]meeting, the defendants informed brokers and other sales agents that the plaintiff "stole clients" and lied, that she was being investigated, and that they had to fire her.
On April 25, 2018, the plaintiff commenced this action. She asserted eleven causes of action: breach of contract (first cause of action), unjust enrichment (second cause of action), conversion (third cause of action), defamation (fourth cause of action), sexual harassment/hostile work environment (fifth cause of action), sexual harassment/quid pro quo (sixth cause of action), gender discrimination (seventh cause of action), unlawful retaliation (eighth cause of action), intentional infliction of emotional distress (ninth cause of action), assault and battery (tenth cause of action), and malicious prosecution/abuse of process (eleventh cause of action). Thereafter, the defendants moved for summary judgment dismissing the first cause of action insofar as asserted against John and Mara, the second, third, fourth, fifth, sixth, seventh, eighth, ninth, and eleventh causes of action in their entirety, and the tenth cause of action insofar as asserted against Mara and Homes by Mara Realty. In an order entered September 4, 2020, the Supreme Court, inter alia, denied the motion. The defendants appeal.
The Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against John and Mara. The defendants demonstrated, prima facie, the absence of a contract between John or Mara and the plaintiff, and that the plaintiff entered into a contract only with Homes by Mara Realty, by submitting, inter alia, the verified complaint, as well as the affidavit of Mara, wherein she averred that the plaintiff was under a contract with Homes by Mara Realty (see Sheng Sheng Constr., Inc. v Har's Constr., Inc., 116 AD3d 1030, 1030-1031; see generally Stamina Products, Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also erred in denying that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, alleging unjust enrichment. "[A] party may not recover in . . . unjust enrichment where the parties have entered into a conrtact that governs the subject matter" (Pappas v Tzolis, 20 NY3d 228, 234 [internal quotation marks omitted]). Here, it is undisputed that there is valid contract that covers the subject matter, that is, the payment of commissions to the plaintiff (see id.; Concavage Mar. Constr., Inc. v Lou-Al-John Corp., 191 AD3d 843, 845).
Moreover, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, alleging conversion. The defendants established, prima facie, that this cause of action was predicated upon a breach of contract and, in opposition, the plaintiff failed to raise a triable issue of fact (see Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 824).
Further, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the ninth cause of action, alleging intentional infliction of emotional distress. The defendants demonstrated, prima facie, that the alleged conduct was not sufficiently extreme and outrageous so as to form the basis for intentional infliction of emotional distress, and, in opposition, the plaintiff did not raise a triable issue of fact (see Joo Tae Yoo v Choi, 210 AD3d 1062; Hyman v Schwartz, 127 AD3d 1281).
As the plaintiff, in effect, concedes, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the tenth cause of action, alleging assault and battery, insofar as asserted against Mara and Homes by Mara Realty. The plaintiff did not allege that these defendants committed assault or battery against her (see Cotter v Summit Sec. Servs., Inc., 14 AD3d 475, 475-476).
However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, alleging defamation. The defendants failed to establish, prima facie, that the statements made by the defendants at the sales force meeting attended by brokers and sales agents, and made in the complaint filed with the New York State Division of Licensing, were not false assertions of fact (see Levy v Nissani, 179 AD3d [*3]656, 659). Additionally, the defendants failed to establish, prima facie, that the challenged statements were not defamatory per se, since the statements, inter alia, charged the plaintiff with stealing clients and taking unauthorized commissions, and would tend to injure the plaintiff in her profession (see id. at 659).
The Supreme Court also properly denied those branches of the defendants' motion which were for summary judgment dismissing the fifth, sixth, and seventh causes of action, alleging sexual harassment and gender discrimination, insofar as asserted against Mara. The defendants failed to eliminate triable issues of fact as to whether Mara could be held liable for any alleged misconduct by John (see Bianco v Flushing Hosp. Med. Ctr., 54 AD3d 304, 305).
The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the eighth cause of action, alleging unlawful retaliation. The defendants failed to establish, prima facie, that the plaintiff did not engage in a protected activity by opposing conduct that is prohibited (see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1005). While the defendants submitted the affidavit of Mara, wherein she stated that the plaintiff never advised her that John was subjecting the plaintiff to allegedly sexually harassing conduct, they also submitted the plaintiff's deposition testimony, wherein she testified that she talked to Mara to complain about John's actions.
The Supreme Court also properly denied that branch of the defendants' motion which was for summary judgment dismissing the eleventh cause of action, alleging malicious prosecution/abuse of process. With regard to malicious prosecution, the defendants failed to eliminate triable issues of fact as to whether the New York State Division of Licensing made a determination in the plaintiff's favor (see Goldenberg v Capital One N.A., 186 AD3d 810, 811). With regard to abuse of process, the defendants failed to eliminate triable issues of fact as to whether they intended to do harm to the plaintiff without excuse or justification (see Lundgren v Margini, 30 AD3d 476, 477).
The defendants' remaining contention is improperly raised for the first time on appeal.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court