Sammy Props., Inc. v Al Saleh Assoc., LLC (2024 NY Slip Op 01574)

Sammy Props., Inc. v Al Saleh Assoc., LLC

2024 NY Slip Op 01574

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-01119
 (Index No. 70213/17)

[*1]Sammy Properties, Inc., respondent, 
v
Al Saleh Associates, LLC, et al., appellants.

Reisman Rubeo, LLP, Hawthorne, NY (Mark I. Reisman and Sharman T. Propp of counsel), for appellants.
Matthew T. Worner, White Plains, NY, for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiff's real property is benefitted by a recorded easement over a certain portion of the property of the defendant Al Saleh Associates, LLC, for a permanent injunction enjoining the defendants from interfering with the plaintiff's use of the easement, and for an award of punitive damages and attorneys' fees, the defendants appeal from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated December 13, 2019. The order denied the defendants' motion for summary judgment dismissing the amended complaint and granted those branches of the plaintiff's cross-motion which were for summary judgment on the causes of action for declaratory relief and for a permanent injunction enjoining the defendants from interfering with the plaintiff's use of the easement.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's demands for attorneys' fees and punitive damages and dismissing the amended complaint insofar as asserted against the defendant Saleh Saleh, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
The plaintiff, the owner of commercial property located in the Village of Ossining, seeks to enforce an egress easement onto Croton Avenue, over a parking lot and across a driveway owned by the defendant Al Saleh Associates, LLC (hereinafter ASA). After the easement was conveyed by grant from ASA to the plaintiff's predecessor in interest in 1998, ASA continued to use the driveway as an entrance, which was marked with a one-way sign and directional arrows.
In December 2017, this action was commenced against ASA and the defendant Saleh Saleh, ASA's manager and owner, following ASA's installation of large blocks obstructing passage over the parking lot and across the driveway from the abutting property. In March 2019, the defendants moved for summary judgment dismissing the amended complaint, on the grounds, inter alia, that the easement had been extinguished by adverse possession or was otherwise unenforceable. The plaintiff cross-moved for summary judgment on the amended complaint, contending that ASA's [*2]use of the driveway as an entrance was insufficient as a matter of law to extinguish the easement. In an order dated December 13, 2019, the Supreme Court denied the defendants' motion and granted those branches of the plaintiff's cross-motion which were for summary judgment on the causes of action for a declaration that the plaintiff held a valid easement and for a permanent injunction enjoining the defendants from interfering with the plaintiff's use of the easement. The defendants appeal.
"'An easement appurtenant occurs when the easement (1) is conveyed in writing, (2) is subscribed by the creator, and (3) burdens the servient estate for the benefit of the dominant estate' and it passes 'to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed'" (Swinson v Shine, 201 AD3d 982, 983, quoting Reilly v Achitoff, 135 AD3d 926, 927). "Once created, the easement runs with the land and can only be extinguished by abandonment, conveyance, condemnation, or adverse possession" (Djoganopoulos v Polkes, 95 AD3d 933, 935; see Gerbig v Zumpano, 7 NY2d 327, 330). "As with any adverse possession claim, the party seeking to extinguish the easement must establish that the use of the easement has been adverse to the owner of the easement, under a claim of right, open and notorious, exclusive and continuous for a period of 10 years" (Spiegel v Ferraro, 73 NY2d 622, 625; see RPAPL 501; Diaz v Mai Jin Yang, 148 AD3d 672, 673-674). "Thus 'an easement may be lost by adverse possession if the owner or possessor of the servient estate claims to own it free from the private right of another, and excludes the owner of the easement, who acquiesces in the exclusion for [the prescriptive period]'" (Spiegel v Ferraro, 73 NY2d at 626, quoting Woodruff v Paddock, 130 NY 618, 624).
Here, the defendants failed to make a prima facie showing that the plaintiff's predecessors had been effectively excluded from the egress easement for the prescriptive period (see Menucha of Nyack, LLC v Fisher, 110 AD3d 1037, 1041; Gold v Di Cerbo, 41 AD3d 1051, 1054; McGinley v Postel, 37 AD3d 783, 784). By the defendants' own admission, access to ASA's parking lot and driveway from the abutting property was not physically obstructed until late 2016. Moreover, the Supreme Court properly rejected the defendants' contentions that the existence of the easement was conditional and that the easement was extinguished by the plaintiff's alleged breach of its obligations under the declaration of easement. The declaration of easement contains only a covenant requiring proof of insurance, and not a condition subsequent (see Prestigiacomo v Ames, 111 AD3d 1394, 1395; Stratis v Doyle, 176 AD2d 1096, 1098; Koshian v Kirchner, 139 AD2d 942, 943).
However, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's demands for attorneys' fees and punitive damages. Upon the defendants' prima facie showing of their entitlement to judgment as a matter of law with respect to those demands, the plaintiff failed to raise a triable issue of fact in opposition. "New York follows the general rule that 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule'" (Matter of Part 60 Put-Back Litig., 36 NY3d 342, 361, quoting Hooper Assoc. v AGS Computers, 74 NY2d 487, 491; see Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d 1274, 1282). Here, the terms of the declaration of easement did not entitle the plaintiff to attorneys' fees, nor did any statute or court rule provide a basis for such relief (see Alpha/Omega Concrete Corp. v Ovation Risk Planners, Inc., 197 AD3d at 1282). Further, "'[p]unitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights'" (Toobian v Toobian, 209 AD3d 907, 910-911, quoting Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613; see Connecticut N.Y. Light. Co. v Manos Bus. Mgt. Co., Inc., 171 AD3d 698, 700).
The Supreme Court also erred in denying that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Saleh. "'A corporate officer who executes a contract acting as an agent for a disclosed principal is not liable for a breach of the contract unless it clearly appears that he or she intended to bind himself or herself personally'" (Concavage Mar. Constr., Inc. v Lou-Al-John Corp., 191 AD3d 843, 845, quoting Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d 1021, 1022). Here, the plaintiff failed to raise a triable issue of fact in opposition to Saleh's prima facie showing that he did not intend to bind [*3]himself personally and that his actions with respect to the easement were taken solely in his capacity as manager of ASA (see Concavage Mar. Constr., Inc. v Lou-Al-John Corp., 191 AD3d at 845; Stamina Prods., Inc. v Zintec USA, Inc., 90 AD3d at 1022; Panasuk v Viola Park Realty, LLC, 41 AD3d 804, 805).
Contrary to the defendants' contention, the Supreme Court properly considered the plaintiff's cross-motion for summary judgment on the amended complaint. "An untimely motion or cross-motion for summary judgment may be considered by the court where a timely motion was made on nearly identical grounds" (Sikorjak v City of New York, 168 AD3d 778, 780; see Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 890; Grande v Peteroy, 39 AD3d 590, 592).
In support of its cross-motion for summary judgment, the plaintiff submitted, inter alia, the recorded declaration of easement and evidence of the harm resulting from ASA's obstruction of access to the easement. Since the record demonstrated that ASA had not adversely possessed the easement by effectively excluding the plaintiff's predecessors for the prescriptive period (see Gold v Di Cerbo, 41 AD3d at 1054; McGinley v Postel, 37 AD3d at 784), the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the causes of action for declaratory relief and for a permanent injunction enjoining ASA from interfering with the plaintiff's use of the easement.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiff holds a valid easement (see Lanza v Wagner, 11 NY2d 317, 334).
The defendants' remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court