Gounder v Melrose Credit Union (2025 NY Slip Op 04766)

Gounder v Melrose Credit Union

2025 NY Slip Op 04766

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-04509 
2022-04510
2022-04511
 (Index No. 14406/16)

[*1]Veeramuthu P. Gounder, et al., appellants,
v
Melrose Credit Union, et al., respondents.

Veeramuthu P. Gounder and Shanthi V. Gounder, Queens Village, NY, appellants pro se.
Litchfield Cavo LLP, New York, NY (Brian S. Gitnik of counsel), for respondent Melrose Credit Union.
Arkin Solbakken LLP, New York, NY (Robert C. Angelillo of counsel), for respondent Communicar, Inc.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from (1) a decision of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated December 5, 2019, (2) an order of the same court entered March 5, 2020, and (3) an order of the same court entered April 4, 2022. The order entered March 5, 2020, upon the decision, granted the unopposed motion of the defendant Communicar, Inc., for summary judgment dismissing the complaint insofar as asserted against it. The order entered April 4, 2022, insofar as appealed from, denied the plaintiffs' motion, in effect, pursuant to CPLR 5015(a) to vacate the order entered March 5, 2020, and granted that branch of the motion of the defendant Melrose Credit Union which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the decision is dismissed; and it is further,
ORDERED that the appeal from the order entered March 5, 2020, is dismissed; and it is further,
ORDERED that the order entered April 4, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff Veeramuthu P. Gounder (hereinafter Veeramuthu) was a driver for the defendant Communicar, Inc. (hereinafter Communicar), a black car company. Veeramuthu and his wife, Shanthi V. Gounder, purportedly were shareholders of a radio share certificate number 331 (hereinafter the certificate) that allowed Veeramuthu to operate his vehicle on behalf of Communicar. Veeramuthu allegedly obtained a loan from the defendant Melrose Credit Union [*2](hereinafter Melrose), and the certificate was collateral for that loan. Veeramuthu allegedly defaulted on the loan and, thereafter, lost his position with Communicar.
In October 2014, Veeramuthu and Melrose entered into a stipulation of settlement (hereinafter the stipulation) following litigation over the loan. The stipulation provided, inter alia, that "[a]ny other evidence including stock certificate of liens shall be turned over to [Veeramuthu] by [Melrose], if in their [sic] possession." It is undisputed that although the rest of the obligations under the stipulation were met, the certificate was never returned to Veeramuthu.
In December 2016, the plaintiffs commenced this action against Melrose and Communicar to recover damages for breach of contract, alleging, among other things, that Melrose breached the stipulation by failing to return the certificate to Veeramuthu and that Communicar breached the stipulation by failing to reissue the certificate. In July 2019, Communicar moved for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it was not a party to the stipulation. In an order entered March 5, 2020 (hereinafter the March 2020 order), upon a decision dated December 5, 2019, the Supreme Court granted Communicar's unopposed motion.
In December 2020, Melrose moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, contending, inter alia, that it had not breached the terms of the stipulation. The plaintiff opposed Melrose's motion and separately moved, in effect, pursuant to CPLR 5015(a) to vacate the March 2020 order. In an order entered April 4, 2022, the Supreme Court, among other things, granted that branch of Melrose's motion and denied the plaintiffs' motion. The plaintiffs appeal.
The appeal from the decision must be dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509). The appeal from the March 2020 order must be dismissed, as no appeal lies from an order granted upon the default of the appealing party (see CPLR 5511; HSBC Bank USA, N.A. v Epstein, 199 AD3d 790, 790).
The Supreme Court properly granted that branch of Melrose's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960 [internal quotation marks omitted]; see Li v Navaretta, 220 AD3d 758, 759). "A so-ordered stipulation is a contract between the parties thereto and as such, is binding on them and will be construed in accordance with contract principles and the parties' intent" (Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447 [internal quotation marks omitted]; see City of New York v Quadrozzi, 189 AD3d 1342, 1344). "When an agreement between parties is clear and unambiguous on its face, it will be enforced according to its terms and without resort to extrinsic evidence" (City of New York v Quadrozzi, 189 AD3d at 1344 [internal quotation marks omitted]).
Here, Melrose established, prima facie, that there was no breach of the stipulation (see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d at 960). By its plain terms, the stipulation required Melrose to return the certificate only if it was in Melrose's possession, and Melrose established that the certificate was not in its possession. In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 327).
Further, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion, in effect, pursuant to CPLR 5015(a) to vacate the March 2020 order. "A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Logan v 250 Pac., LLC, 210 AD3d 1064, 1066). Here, none of the plaintiffs' assertions, including their pro se status or their unsubstantiated assertion that the court granted them an extension of time to respond to Communicar's motion, constitute a reasonable excuse (see 126 Henry St., Inc. v Cater, 197 AD3d [*3]598, 601; U.S. Bank N.A. v Crawford, 174 AD3d 762, 763; Wells Fargo Bank, N.A. v Estwick, 160 AD3d 911, 911; Walter v Jones, Sledzik, Garneau & Nardone, LLP, 67 AD3d 671, 672). Since the plaintiffs failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether the plaintiffs demonstrated a potentially meritorious opposition to Communicar's motion for summary judgment dismissing the complaint insofar as asserted against it (see Byung Ha Lee v Mascarenas, 219 AD3d 928, 929; Delucia v Mar Lbr. Co., Inc., 210 AD3d 636, 638).
The parties' remaining contentions either are improperly raised for the first time on appeal, have been abandoned, or are without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court